**Anna Marie INGEMI, Trustee of The Joseph Ingemi Trust dated 11/4/80, Plaintiff,**

v.

**PELINO & LENTZ, Jeanne Schubert Barnum, Esq., Martin R. Lentz, Esq., John W. Pelino, Esq., Howard A. Rosenthal, Esq., and Pelino & Lentz, P.C., Defendants.**

**PELINO & LENTZ, P.C. and Howard Rosenthal, Third Party Plaintiffs,**

v.

**Gary J. McCARTHY, Third Party Defendant.**

**Civ. No. 94–1246.**

United States District Court, D. New Jersey.

Nov. 3, 1994.

---

Barry F. Penn, Penn & Zucker, Cherry Hill, NJ, for plaintiff.

Albert C. Braslow, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for defendants.

Joseph A. Venuti, Jr., Swartz, Campbell & Detweiler, Mt. Laurel, NJ, for third party defendant.

**158**

## OPINION

BROTMAN, District Judge.

Presently before the court are plaintiff's motion to remand this matter to the state court of original jurisdiction pursuant to 28 U.S.C. § 1447(c), and defendants' motions to confirm this court's subject matter jurisdiction, to dismiss or, in the alternative, for partial summary judgment. In addition, the third party defendant has moved to dismiss the third party amended complaint. For the reasons set forth below, plaintiff's motion to remand is granted and defendants' motions are denied without prejudice. Similarly, since the third party amended complaint does not present independent grounds for this court to exercise subject matter jurisdiction over the third party action, the third party defendant's motion to dismiss is granted. The third party complaint is dismissed without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 1990, plaintiff Anna Marie Ingemi, Trustee of the Joseph S. Ingemi Trust and a citizen of New Jersey, contacted a New Jersey attorney, Maury B. Reiter [1], to pursue a claim for pension benefits on behalf of her son and herself. During a meeting with Reiter, she expressed her desire to retain New Jersey counsel who could handle the matter which involved her husband's estate, trust and pension distributions, and tax issues. He referred her to third party defendant Gary J. McCarthy [2], who Reiter knew as an attorney at Pelino & Lentz, a New

Jersey law firm. Plaintiff met McCarthy for the first time at Reiter's New Jersey law office and reiterated that she was seeking New Jersey counsel. She asserts that it was her understanding that McCarthy was a licensed New Jersey attorney and was a New Jersey resident.[3] During this meeting, McCarthy informed her that although he was not a litigator, Pelino & Lentz could represent her. Plaintiff maintains that if she had been made aware that the matter would not be handled by a "bona fide" New Jersey law firm, she would have selected another New Jersey firm.

In 1994, plaintiff sued defendants for legal malpractice [4] alleging that they mishandled the underlying litigation. Plaintiff instituted suit in the Superior Court of New Jersey against the New Jersey law firm of Pelino & Lentz (operating as a general partnership and exclusively conducting business in New Jersey) [5] and its managing attorney, Jeanne Schubert Barnum, both citizens of New Jersey (the "New Jersey defendants"). Plaintiff also sued the Pennsylvania law firm of Pelino & Lentz, P.C. (a Pennsylvania professional corporation) ("P.C.") and several members of the firm including Howard Rosenthal and named directors John Pelino and Martin Lentz, all citizens of Pennsylvania.

The New Jersey defendants removed plaintiff's suit to this court and now seek dismissal or summary judgment contending that no cause of action could be established against them and that they were fraudulently joined. In effect, the New Jersey defendants argue that their citizenship should be disre-

---

1. Mr. Reiter is not a party to this action.

2. Mr. McCarthy is a former director of Pelino & Lentz, P.C. and a member of the New Jersey and Pennsylvania bars. *See* Part C.

3. McCarthy is currently a resident of Pennsylvania.

4. Specifically, plaintiff contends that defendants failed to pursue prejudgment remedies, to exercise good judgment on the question of whether and when to settle, and that defendants overbilled her.

5. There are three partners in Pelino & Lentz: John W. Pelino (98% interest), Martin Lentz (1% interest), and the managing partner, Jeanne

Schubert Barnum (1% interest). All three are also directors of Pelino & Lentz, P.C. While partners in a New Jersey partnership are jointly and severally liable for the negligent conduct of other partners, directors of a Pennsylvania professional corporation are not. *See* N.J.Stat.Ann. § 42:1–15 (1994). The professional corporation is liable for the negligent conduct of its directors or employees. *See* N.J.Stat.Ann. §§ 14A:17–7, 8 (1991); 15 Pa.Cons.Stat. § 2925(b) (1993); *Biller v. Ziegler et al.*, 406 Pa.Super. 1, 593 A.2d 436 (1991). Thus, defendants Pelino, Lentz, and Barnum face significantly more potential liability exposure for the alleged legal malpractice as partners of Pelino & Lentz, than as directors of Pelino & Lentz, P.C.

garded for purposes of determining diversity and removal jurisdiction.

Plaintiff filed a timely petition for remand to the Superior Court of New Jersey. Plaintiff also seeks costs and reasonable attorney fees associated with the motion to remand pursuant to 28 U.S.C. § 1447(c).

The crux of the parties' dispute over jurisdiction involves determining the scope of plaintiff's engagement of Pelino & Lentz and its attorneys. The New Jersey Defendants contend that Pelino & Lentz had nothing to do with the litigation, and that plaintiff knew she was represented by P.C. alone. In support, defendants aver the following:

1. Plaintiff engaged P.C., *not* Pelino & Lentz;

2. Plaintiff was billed by P.C., *not* Pelino & Lentz;

3. The only defendant who gave advice and acted on the judgmental and strategic issues was Howard Rosenthal, a P.C. lawyer; and

4. Pelino & Lentz merely served as local counsel, performed ministerial tasks, and pursued discovery and motion practice in a manner which did not require making judgments or giving advice regarding prejudgment remedies or settlements.

Plaintiff, in support of her motion to remand, counters that she was under the impression that Pelino & Lentz and Pelino & Lentz, P.C. were one and the same entity, and that Pelino & Lentz were her lawyers, in part because:

1. Her initial contacts with Pelino & Lentz attorney McCarthy were in New Jersey.

2. All defendants represented themselves as agents of the New Jersey firm.

3. She met with defendants at Pelino & Lentz offices;

4. She called defendants at the New Jersey offices;

5. She discussed the strategy and status of the case with at least two Pelino & Lentz attorneys, Richard Coe and James Miller;

6. She responded to interrogatories with the assistance of Mr. Coe at the New Jersey office;

7. The New Jersey defendants drafted, reviewed, filed and mailed all pleadings;

8. Correspondence and pleadings were sent to the New Jersey defendants at the New Jersey address;

9. Depositions were taken at the New Jersey office; and

10. Richard Coe of Pelino & Lentz, as well as Howard Rosenthal, participated in the depositions.

In addition to these facts, the court notes that Richard Coe petitioned this court as a Pelino & Lentz attorney on behalf of plaintiff to admit two members of the Pennsylvania bar, Rosenthal and John G. McCormick, to appear *pro hac vice.*[6]

## II. DISCUSSION

### A. The Removal Action

■ The defendants suggest this case properly belongs in federal court and deny that the presence of Pelino & Lentz, a New Jersey defendant, defeats diversity jurisdiction. For the court to accept defendants' theory—that the court can ignore Pelino & Lentz's citizenship and potential liability and assert jurisdiction over a suit between a New Jersey plaintiff, New Jersey defendants and

---

**6.** Richard P. Coe, a member of the New Jersey and Pennsylvania bars, sponsored Howard Rosenthal's motion for admission *pro hac vice*. Rosenthal, alternately described in the papers as a director of P.C. and as an employee of Pelino & Lentz, served as lead counsel in the litigation. In his certification, Rosenthal states that Coe is an associate at P.C. in Pennsylvania. However, unless Coe had a bona fide office in New Jersey, i.e. unless he was an associate under the supervision of New Jersey defendant Jeanne Schubert Barnum as managing partner of defendant Pelino & Lentz, he could not petition this court to permit Rosenthal's *pro hac vice* admission. Indeed, the *pro hac vice* petition was printed with Pelino & Lentz's New Jersey office address, rather than P.C.'s Pennsylvania address. Therefore Coe must also be an associate of Pelino & Lentz regardless of his connection to P.C. in Pennsylvania. In his certification, Coe states he was involved in discovery and motion practice related to this matter.

Pennsylvania defendants—this court must conclude that plaintiff has no claim against Pelino & Lentz. Although asked to do so by the defendants, this court may not make substantive determinations regarding the New Jersey defendants' liability in the context of evaluating pleadings to determine subject matter jurisdiction. A court's jurisdictional inquiry concerning remand is limited and should not be a de facto decision on the merits of plaintiff's claim when plaintiff presents a viable claim. *See Batoff v. State Farm Insurance Company,* 977 F.2d 848, 851–852 (3d Cir.1992). Defendants should not have resorted to a procedural motion, the removal petition, to establish that the named New Jersey defendants were not liable for legal malpractice as a matter of law. Accordingly, this court grants plaintiff's motion and remands this case to state court.

■ Where a defendant and plaintiff share the same citizenship, there is a lack of complete diversity and this court does not have jurisdiction. *See* 28 U.S.C. § 1332 (1994). If there is no diversity, a defendant may not remove. "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). The party seeking removal bears the "heavy burden" of demonstrating the existence of federal jurisdiction. *Id. See also Marshall v. Manville Sales Corporation,* 6 F.3d 229 (4th Cir.1993); 14A Wright, Miller, & Cooper, Federal Practice and Procedure, Jurisdiction 2d § 3739 (1994).

■ The standard against which a petition for removal is measured is whether "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer,* 913 F.2d at 111, *quoting Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 32 (3d Cir. 1985), *cert. dism'd sub nom., American Stan-*

*dard v. Steel Valley Auth.,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988). Any uncertainties, whether relating to issues of fact or law, must be resolved in favor of the plaintiff. *Id.* "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (quoting *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440–41 (11th Cir. 1983).[7] If a case is improvidently removed, the district court should remand it to the state court. *Batoff,* 977 F.2d at 853.

■ The facts of this case suggest that Pelino & Lentz actively represented plaintiff and is, at least for the purpose of remand, a proper defendant. To present a *prima facie* case of legal malpractice, plaintiff must establish the following: 1) the existence of an attorney-client relationship resulting in a duty owed by an attorney to the client; 2) breach of this duty; 3) proximate causation; and 4) damages. *Snyder v. Baumecker, et al.,* 708 F.Supp. 1451 (D.N.J.1989). Here, plaintiff initially contacted Pelino & Lentz in New Jersey, interacted with defendants at Pelino & Lentz's offices, and discussed strategy with Pelino & Lentz attorneys. According to the plaintiff, all defendants represented that they were agents of Pelino & Lentz. Consequently, plaintiff has a colorable claim against the New Jersey defendants. Plaintiff has presented sufficient evidence demonstrating the existence of an attorney client relationship with Pelino and Lentz to support her motion. Since these facts show that remand is necessary, she will have the opportunity to put forth proofs substantiating the other elements of her claim in state court.

The existence of an attorney-client relationship is predicated on more than a formal retainer agreement and payment of a fee. Instead, it may be "inferred from the conduct of the parties." *Matter of Palmieri,* 76 N.J. 51, 385 A.2d 856 (1978). Here, as the facts outlined above demonstrate, both firms took part in the joint representation of plaintiff.

---

**7.** Despite clear language to the contrary in *Boyer, supra,* defendants contend that the court's inquiry on a motion to remand and for summary judgment are one and the same. The *Boyer* court specifically warned district courts against collapsing a threshold jurisdictional inquiry with an inquiry into the merits of the case.

Moreover, P.C. and Pelino & Lentz shared attorneys, office space and virtually the same name. Consequently, plaintiff may have reasonably believed that the New Jersey defendants were her primary counsel and that an attorney-client relationship existed between them.[8]

Defendants assert that the New Jersey defendants were joined fraudulently to destroy diversity. Defendants, however, have not presented evidence that plaintiff improperly joined the New Jersey defendants.[9] For example, defendants have not produced a formal agreement supporting defendants' characterization of Pelino & Lentz's role. Without additional proof, the contours of Pelino & Lentz's role remain ill-defined and defendants' argument fails.

Defendants further suggest that Pelino and Lentz is not a proper defendant because any potential liability of Pelino & Lentz is narrowly circumscribed and would relate solely to its allegedly limited engagement as local counsel.[10] Although the court will not inquire into all of the facts relevant to the legal malpractice action, the record shows that P.C. and Pelino & Lentz cooperated and acted jointly. P.C. also relied on Pelino & Lentz's independence for its own purposes. Pelino & Lentz's employee, Richard Coe, submitted P.C. attorney Rosenthal's *pro hac vice* application and conducted business at the New Jersey office with other P.C. attorneys representing plaintiff's interests. By virtue of submitting the *pro hac vice* application, Pelino & Lentz's Coe was responsible for attorney Rosenthal's "conduct of the cause." New Jersey Rule 1:21–2.

Instead of persuading the court that Pelino & Lentz is a de minimus defendant and was fraudulently joined, defendants' argument led the court to further research the proper role of local counsel. This court concludes

that defendants underestimate the role of local counsel. By minimizing Pelino & Lentz's role, defendants actually raise questions concerning both P.C.'s authority to appear *pro hac vice* and Pelino & Lentz's conduct. If Pelino & Lentz's role in the underlying litigation was as insignificant as defendants suggest, this court is left wondering whether Pelino & Lentz adequately supervised the work of P.C. employees as required by New Jersey practice rules and whether a New Jersey plaintiff's legal interests were safeguarded.

According to the practice rules, local counsel must do more than merely sign off on pleadings or file a few documents. District Court Rule 4 C governs the terms of admission for *pro hac vice* attorneys.

> Any member in good standing of the bar of any court of the United States or of the highest court of any state ... may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case. If it has not been done prior to the granting of such motion, an appearance as counsel of record shall be filed promptly by a member of the bar of this Court upon whom all notices, orders and pleadings may be served, and who shall promptly notify his specially admitted associate of their receipt. Only an attorney at law of this Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders.... A lawyer admitted pro hac vice is within the disciplinary jurisdiction of this Court.

District Court Rule 4 C (1994). The rule clearly indicates that local counsel is the counsel of record with attendant responsibilities, *not* out-of-state counsel admitted *pro hac vice.*

---

**8.** It is unlikely that most clients are in a position to understand the difference between local counsel and *pro hac vice* counsel. Counsel should advise their clients appropriately and, if necessary, clarify their roles for their client's benefit.

**9.** In fact, defendants do not attribute any bad motives to plaintiff, stating "[t]he term "fraudulent joinder" is a term of art which is not intended to imply that plaintiff or plaintiff's counsel engaged in misconduct by naming non-diverse

defendants. The issue is solely an issue of law ..." Memorandum of Law in Support of Motion of Defendants to Dismiss or for Summary Judgment, p. 6 n. 1.

**10.** The proper procedure to make this determination would be for the defendants to put on evidence before the state court on the issue of liability. *See* Part B.

■ District court local rules which require local counsel to take more than a de minimus role in the representation serve a number of purposes.

First, members of our Bar are familiar with the rules and customs of this Court and are expected to both educate *pro hac vice* attorneys on, and enforce, those rules and customs. Second, members of the Bar of this Court are more readily available than *pro hac vice* attorneys for conferences or other matters which arise in the course of litigation. Third, the Court looks to members of its Bar to serve as liaison between it and *pro hac vice* attorneys and to ensure effective communication between the Court and *pro hac vice* attorneys.

U.S.Dist.Ct. Rules, Comment 3(c), quoting *Hofmann v. Marino Games,* No. 90–267 (NHP), (D.N.J. letter-op. filed October 31, 1990). Local counsel must also supervise the conduct of *pro hac vice* attorneys and must appear before the court in all proceedings. *Occulto v. Adamar of New Jersey, Inc.,* 125 F.R.D. 611, 617 n. 2 (D.N.J.1989). Even if *pro hac vice* attorneys attempt to delegate solely routine or ministerial tasks to local counsel, local counsel remains counsel of record and wittingly or unwittingly exposes itself to liability for penalties such as sanctions. *Itel Containers Intern. v. Puerto Rico Marine Mgt.,* 108 F.R.D. 96 (D.N.J.1985). This court trusts that responsible local counsel is aware of the import of signing a pleading and a concomitant duty owed to clients.

Furthermore, like the District Court rules, the New Jersey bar has specialized practice requirements for all state-licensed attorneys who practice in either court. For instance, New Jersey court rules require all attorneys to maintain bona fide offices within the state. New Jersey Rule 1:21–1. A bona fide office must be more than a maildrop, summer residence or answering service. In the instant case, Pelino & Lentz was substantially more than a maildrop. Pelino & Lentz was a partnership with a managing attorney, Jeanne Schubert Barnum, who was a member of the New Jersey bar and a New Jersey resident. Only a legitimate Pelino & Lentz attorney could move for a P.C. attorney's admission *pro hac vice.*

New Jersey asserts a strong public policy interest in enforcing court rules for *pro hac vice* counsel that this court will honor. The New Jersey practice rules reflect

more than mere provincialism that mandates the strict application of R:1–21–2 and [case omitted]. [Rather] it is the very real necessity, demonstrated by [the case], for the courts to vigilantly scrutinize such conduct so that the practice of law does not degenerate into a jungle.

*Vafiades v. Sheppard Bus Service, Inc.,* 192 N.J.Super. 301, 315, 469 A.2d 971, 979 (1983). These rules ensure that attorneys representing New Jersey clients in New Jersey courts are sufficiently familiar with state law and practice to represent their clients knowledgeably and effectively. Clients deserve no less, and the level of practice in New Jersey—in both the state and federal courts—benefits as a result of these rules. Particularly, the rules guard against an out-of-state firm holding itself out as experienced and competent New Jersey counsel when it may have limited expertise, thereby jeopardizing an unsuspecting New Jersey resident's interests.

Necessarily then, Pelino & Lentz should have actively represented plaintiff and could not be, as defendants argue, merely a convenient vehicle for a Pennsylvania firm. Accordingly, defendants' arguments characterizing Pelino & Lentz's role as nominal and challenging Pelino & Lentz's status as a resident defendant in this case, trouble the court. If the court accepts, merely for the sake of argument, plaintiff's contention that P.C. and Rosenthal always represented that they were New Jersey attorneys, then defendants' conduct deprived plaintiff of the opportunity to choose a "bona fide" New Jersey law firm. Such conduct would be flagrantly improper; a misrepresentation of this kind could also subject defendants to discipline. U.S. District Court Rules 4, 7–H (1994).

Thus, a number of facts, including the plaintiff's stated intent to retain local counsel and belief that she had succeeded, must be resolved to determine the New Jersey defendants' role in the original litigation. This court will not further "enter into the legal and factual thicket that comprises the merits of this case [for] [t]his is not terrain upon

which a court uncertain of its jurisdiction should tread." *See Glass Molders, Pottery, Plastics, and Allied Workers Inter. Union, AFL–CIO v. Wickes,* 707 F.Supp. 174, 181 (1989) (citing *Green v. Amerada Hess Corp.,* 707 F.2d 201, 204 (5th Cir.1983). Consequently, remand is warranted. As a result, this court has no jurisdiction to entertain defendants' motion for dismissal or partial summary judgment, which is denied without prejudice.

### B.  Costs and Attorneys Fees

The court believes that the present situation warrants awarding plaintiff costs and reasonable attorney fees relating to the motion for remand. The remand statute explicitly authorizes such an award as within the court's discretion. 28 U.S.C. § 1447(c).

A district court will generally exercise its discretion to impose such costs where a well-plead complaint raises the issue of non-removability. *Bearoff v. DeMedio,* 1994 WL 114890 (E.D.Pa.1994). It is clear from the face of the complaint that plaintiff asserted a claim against non-diverse defendants. Any attorney reviewing the complaint was on notice that this claim, if colorable, defeated federal court jurisdiction and could not be resolved without a fact-intensive investigation into the New Jersey defendants' representation of plaintiff.

Even assuming *arguendo,* that the resident defendants were fraudulently joined, defendants failed to demonstrate this fact to the court. In fact, defendants even conceded that plaintiff did not deliberately try to defeat federal court jurisdiction; they simply assert that plaintiff may have mistakenly believed she was represented by the resident defendants.

In the interest of judicial economy, the most efficient and cost-effective way to resolve whether the New Jersey defendants were properly named in the suit was for the New Jersey defendants to move to dismiss the complaint against them in state court. If the New Jersey defendants wished to test their legal theory that they were truly nominal defendants, they should have done so

while in state court, the more appropriate forum in which to resolve issues of state law. *See Yedla v. Electronic Data Systems,* 764 F.Supp. 90 (E.D.Mich., S.D.1991). Moreover, if the New Jersey defendants had litigated this question in state court, the district court would not have expended valuable time. Defendants' diligence and foresight would have eliminated the legal costs associated with plaintiff's motion to remand that they must now bear.

Thus, plaintiff's request for reasonable attorney fees and costs relating to the motion to remand is granted. Plaintiff should submit forthwith an itemized statement of expenses and attorney fees incurred in filing and defending this motion to remand.

### C.  Third Party Action

Two defendants, P.C. and Howard A. Rosenthal, filed a third party complaint[11] against Gary McCarthy. McCarthy now requests that the court dismiss the third party complaint against him.

When the third party plaintiffs filed their complaint, the court was able to exercise jurisdiction over the third party claims pursuant to this court's supplemental jurisdiction. The third party complaint alleged claims arising from the same controversy as the malpractice action. Now that the malpractice action has been remanded, there are no independent grounds on which this court may base subject matter jurisdiction. In the third party action, third party plaintiffs and third party defendant are all residents of Pennsylvania and the complaint does not pose a federal question. Hence, the court must grant third party defendant's motion to dismiss as it has no subject matter jurisdiction over the third party claim.

### III.  CONCLUSION

For the foregoing reasons, this court grants plaintiff's motion to remand to state court and request for costs and reasonable attorneys fees relating to this motion. Defendants' motion to dismiss or for summary judgment is denied without prejudice. As a result, this court is without subject matter

---

**11.**  The complaint was subsequently amended.

jurisdiction over the third party action, and, consequently, the matter is dismissed without prejudice.

## ORDER

This matter having come before the court on plaintiff's motion to remand including a motion for costs and reasonable attorney fees, on defendants' motion to dismiss or for summary judgment, and third party defendant's motion to dismiss;

This court having carefully reviewed the parties' submissions and having heard arguments on the motion to remand;

For the reasons set forth in the court's opinion of this date;

**IT IS** on this 3rd day of November, 1994 hereby **ORDERED** that:

(1) plaintiff's motion to remand is **GRANTED;**

(2) defendants will pay plaintiff's costs and reasonable attorney fees, in an amount to be determined, relating to the motion for remand;

(3) plaintiffs will submit an affidavit within ten days, setting forth costs and reasonable attorneys fees incurred;

(4) defendants' motion to dismiss or in the alternative for summary judgment is **DE-NIED WITHOUT PREJUDICE;**

(5) third party defendant's motion to dismiss is **GRANTED;** and

(6) the third party complaint is **DIS-MISSED WITHOUT PREJUDICE.**