660 A.2d 1187

IN THE MATTER OF MICHAEL D. KASSON,
AN ATTORNEY AT LAW.

Argued June 20, 1995—Decided July 28, 1995.

*Walton W. Kingsbery, III,* Deputy Ethics Counsel, argued the cause on behalf of Office of Attorney Ethics.

*Michael D. Kasson* argued the cause *pro se.*

PER CURIAM.

This matter arises from a Report of the Disciplinary Review Board (DRB) recommending the dismissal of charges alleging that respondent had failed to maintain a bona fide office for the practice of law in New Jersey. Two members of the DRB dissented, believing that the conduct warranted a private reprimand. Based on our independent review of the record, we find that the conduct warrants a reprimand.

In November 1992, a judge of the Superior Court advised the District IV Ethics Committee that the court was unable to contact respondent, Michael D. Kasson, Esq., at his office in Pitman, New Jersey, to discuss his civil cases in Camden County. An investigator went to the address set forth on respondent's letterhead as the New Jersey office of Spencer Wertheimer, a Pennsylvania attorney. That address was listed as 8 North Broadway, Suite 105, Pitman, New Jersey. A sign at the building with respondent's name misspelled as "Kaffon" indicated that respondent's office

was located in Suite 2B (unlike respondent's letterhead, which listed the address as Suite 105). The investigator attempted to locate the office on the second floor and throughout the rest of the building, but was unable to find a Suite 2B, Suite 105, or an office under the name of Michael D. Kasson or Spencer Wertheimer. The rental agent for the building informed the investigator that although rent was being paid, the agent had never seen anyone use the property as an office.

A formal complaint charged respondent with violations of *Rule* 1:21–1(a) (failure to maintain a bona fide office) and *Rule* 1:21–6 (failure to maintain required trust and business accounts). At the District Ethics Committee (DEC) hearing, respondent was unable to tell the hearing panel how to get to the Pitman office and unable to describe the building in which the office was located. He testified that he had been in an automobile accident in August 1992, and that thereafter he had been unable to travel to the Pitman office. He acknowledged that after October 1992, a paralegal who had been staffing the office had stopped working due to family illness. Respondent stated that Wertheimer sent an employee to the office every other week to pick up the mail. Respondent left Wertheimer's employ in March 1993.

The DEC unanimously found that respondent had failed to maintain a bona fide office and had failed to maintain trust and business accounts. On its *de novo* review, the DRB agreed that there were record-keeping violations, but found that because the respondent's work as an employee of Wertheimer had not resulted in the expenditure or receipt of clients' or business funds in New Jersey, that infraction did not rise to a level requiring discipline. The majority of the DRB did not find a violation of *Rule* 1:21–1(a) (requiring maintenance of bona fide office), noting that "[a]lthough respondent is a member of the bar and has responsibility for his own compliance with the rules, he was placed in an extremely difficult position by his employer with regard to the Pitman office." We issued an order to show cause to review the DRB's recommendation.

"For many years, New Jersey had required all attorneys who practice here to be domiciliaries of the State." *In re Sackman*, 90 *N.J.* 521, 526, 448 *A.2d* 1014 (1982). Subsequently, the Court revised the rule "to require either domicile or maintenance of a principal office as a condition to practicing law in [New Jersey]." *Id.* at 527, 448 *A.2d* 1014. That rule was then amended in 1978 to require a domiciliary to maintain a bona fide office in this State. *Ibid.* In further recognition of concerns raised about the requirements of a principal office for a nonresident attorney, as opposed to the bona fide office required for a domiciliary attorney, the Court decided, as a matter of policy, to amend the rule to remove the distinction between domiciliaries and non-domiciliaries. *Id.* at 528–29, 448 *A.2d* 1014. We believed that that response would not "stifle the interstate movement of attorneys," but rather would allow "interstate movement while at the same time assuring a sufficient degree of competence, accessibility and accountability." *Id.* at 533, 448 *A.2d* 1014.

 *Rule* 1:21–1(a) defines a bona fide office:

For the purpose of this section, a bona fide office is a place where the attorney or a responsible person acting on the attorney's behalf can be reached in person and by telephone during normal business hours. A bona fide office is more than a maildrop, a summer home that is unattended during a substantial portion of the year, or an answering service unrelated to a place where business is conducted.

That Rule requires more than an occasional attendance in an office by an attorney and more than an answering service unrelated to a place where business is conducted. It requires a responsible person at the office to answer questions posed by courts, clients, or adversaries so that accurate information about the attorney's whereabouts and competent advice from the attorney can be obtained within a reasonable period of time. It is insufficient for an employee to receive and transmit messages with nothing more.

 There can be no doubt that respondent's Pitman office did not meet those requirements. Surely since October 1992, when the paralegal was no longer employed at the office, there was neither an attorney nor a responsible person acting on the attor-

ney's behalf who could be reached in person or by telephone during normal business hours. The frustration of a judge's attempt to schedule trial matters when confronted with this situation cannot be tolerated.

Respondent argued that he should not be disciplined because he was simply Wertheimer's employee and, as such, had no control over the office. In his brief, respondent states that Wertheimer "supplied the office, a phone, a desk, a filing cabinet, a few chairs, and * * * a paralegal who was willing to work for minimum wage." But Wertheimer "refused to give [r]espondent any money to start the required bank accounts in New Jersey." Due to his employer's method of hiring, which was to spend the least amount of money possible, there were serious staffing problems.

We acknowledge the difficulties respondent encountered when employed under such circumstances. We are nonetheless unable to agree that a New Jersey attorney is, by reason of such an employment situation, not responsible to conform to applicable ethical standards. The requirement that attorneys maintain a bona fide office represents, not an effort at protectionism, but a reasonable effort to assure "competence, accessibility and accountability" of attorneys for the benefit of clients, courts, counsel, and parties. *In re Sackman, supra*, 90 *N.J.* at 533, 448 *A.*2d 1014. As the U.S. District Court for the District of New Jersey has explained, our Court Rules "ensure that attorneys representing New Jersey clients in New Jersey courts are sufficiently familiar with state law and practice to represent their clients knowledgeably and effectively." *Ingemi v. Pelino & Lentz*, 866 *F.Supp.* 156, 162 (D.N.J.1994).

In this case, the letterhead used by the firm included the names of both Wertheimer and Kasson. In recognition of the interstate practice of law, we have permitted a law firm with offices in more than one jurisdiction to use the same name in each jurisdiction, provided that the identification of all lawyers of the firm in New Jersey shall indicate the jurisdictional limitations on those not licensed to practice in New Jersey. Coincident with the

recognition of the right to practice under the name of the nonresident firm is the corresponding burden to ensure that employees of the firm licensed to practice in New Jersey shall not be made unable to comply with the ethical requirements for practice in New Jersey. Consequently, although we believe that respondent should be reprimanded for his failure to maintain a bona fide office for the practice of law in New Jersey, his employer should not escape responsibility, having created the conditions that placed the respondent in this untenable situation.

We reprimand respondent for his failure to maintain a bona fide office in New Jersey. We also direct that the administrative costs of the appeal be assessed against the employer, Spencer Wertheimer. Because Wertheimer has not had the opportunity to be heard in this matter with respect to the allegations made by Kasson, we afford him the opportunity to apply to the Court to be relieved of these conditions by showing that he was not responsible for the failure to maintain a bona fide office. In future disciplinary matters concerning the failure to maintain a bona fide office in New Jersey, notice of such potential responsibility shall be given to employers who have the managerial responsibility to provide New Jersey attorneys with bona fide offices.

Based on the foregoing, we find that a reprimand of respondent is warranted. We further provide Spencer Wertheimer with sixty days to respond to our disposition concerning the violation of *Rule* 1:21–1(a) and the assessment of administrative costs.

So ordered.

*For reprimand*—Chief Justice WILENTZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN, and COLEMAN.

## ORDER

It is ORDERED that **MICHAEL D. KASSON** of **PHILADELPHIA, PENNSYLVANIA,** who was admitted to the bar of this State in 1987, is hereby reprimanded for violating *Rule* 1:21–1(a)

(failure to maintain a bona fide office) by his conduct as the New Jersey associate of Pennsylvania attorney Spencer Wertheimer; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent's employer at the time of the ethical violations, Spencer Wertheimer of **PHILADELPHIA, PENNSYLVANIA,** reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter; and it is further

ORDERED that any application by Spencer Wertheimer to be relieved of the reimbursement obligation be filed with the Court within sixty days of the filing date of this Order.