**F. Daun FOWLER, Plaintiff–Appellant,**

v.

**SAFECO INSURANCE CO. OF AMERICA, Defendant–Appellee.**

No. 89–3447

**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 19, 1990.

F. Daun Fowler, Daytona Beach, Fla., pro se.

Robert P. Chadwick, Tampa, Fla., for defendant-appellee.

Before KRAVITCH, CLARK and BIRCH, Circuit Judges.

PER CURIAM:

This case raises two issues. First, the appellant, F. Daun Fowler, challenges the district court's order remanding the case to state court. She also challenges the court's order that she pay the costs of the appellee, Safeco Insurance Company of America ("Safeco"), who was the defendant before the district court and originally had removed the action into federal court. Because district court decisions to remand generally are not appealable, we do not address the first issue. We do, however, reverse the district court's order requiring that the plaintiff bear the defendant's costs.

In 1987 Fowler brought an action in Florida circuit court against her insurance company, Safeco, alleging that Safeco had paid her less than it owed under its policy covering fire damage to her law office. She also alleged that Safeco had delayed in paying her claim for insurance benefits, making Safeco liable for compensatory and punitive damages under Florida law. *See* Fla. Stat.Ann. §§ 624.155(1)(b)(1), 626.9541(1)(i). She claimed damages in excess of $25,000. Safeco removed the case to federal district court pursuant to 28 U.S.C. § 1446.[1]

During the ensuing year and a half, the case was submitted to arbitration and then returned to the district court for trial. The parties conducted extensive discovery. At trial the district judge found, *sua sponte*, that the amount in controversy could not reach the necessary minimum and remanded to the state court. He subsequently ordered Fowler to pay defendant's costs for the federal proceedings because defendant was owed them by "statutory right." No statute was specified.

Section 1447(c), Title 28 of the United States Code provides the basis for a remand order, stating that

[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case and provide for the payment of just costs.

28 U.S.C. § 1447(c).[2] Subpart (d) then limits the appealability of remand orders: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d) (1973). *See Division of Archives, History and Records Management, Dep't of State v. Austin*, 729 F.2d 1292, 1293 (11th Cir.1984).[3] We therefore do not consider any of appellant's claims regarding the merits of remanding this action.

Section 1447(d) does not, however, exclude the district court's assessment of costs from appellate review. We review orders assessing costs for an abuse of discretion. *Kinner–Weed Corp. v. Humble Oil & Refining Corp.*, 441 F.2d 631, 637 (5th Cir.), *cert. denied*, 404 U.S. 941, 92 S.Ct. 285, 30 L.Ed.2d 255 (1971).

We find that the district court did abuse its discretion. Fowler originally filed in state court. It was Safeco, not Fowler, who removed the case to federal court. In a removal action, the burden is on the defendant, not the plaintiff, to plead the basis for jurisdiction. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal. *Id.*

In the present case Safeco had the opportunity to discover the improvidence of its own removal motion. Safeco relied on the

---

1. Because this action was initiated prior to the 1988 amendments to the federal jurisdiction statutes, the applicable statutory provisions, including 28 U.S.C. §§ 1446 and 1447, are those enacted prior to the amendments. Additionally, the applicable minimum amount in controversy for a diversity action is $10,000 as established by the former version of 28 U.S.C. § 1332.

2. The district court did not refer to a specific statute, and the parties concentrate their discussions on 28 U.S.C. §§ 1918–1920. Because this action was a remand under § 1447 and not a

dismissal under § 1919, the "just cost" provision of § 1447(c) is the only source of the order.

3. In *Thermtron Products v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) the Supreme Court held that § 1447(d) bars appellate review only if the district court based the remand on § 1447(c). The Eleventh Circuit has stated that the district court need not state expressly that the remand was based on § 1447(c), and that review is only open when the district court explicitly states a non–1447(c) ground for remand. *Austin*, 729 F.2d at 1293.

plaintiff's state court pleading, which asserted damages over $10,000, to establish diversity jurisdiction and qualify for removal. It was Safeco, however, as removing party, which had the burden of proving this jurisdictional threshold. At the time of removal the defendant was apparently satisfied that the amount in the pleadings was accurate. In addition, Safeco conducted extensive discovery and could have, subsequent to removal but prior to trial, brought to the court's attention the inappropriateness of the amount.

Indeed, the imposition of costs allowed by section 1447 usually falls on the defendants for an inappropriate removal. *See Medical Legal Consulting Serv. v. Covarrubias*, 648 F.Supp. 153, 158 (D.Md.1986). The statute itself appears to contemplate the imposition of costs only on the defendant, not on the plaintiff. Costs are assessed in a case of "improvident removal." As it is the defendant who removes, it logically must be the defendant who would act improvidently and be assessed just costs. This is precisely why the defendant was required to post a bond upon removal;[4] in case of a remand, the bond can be used to pay the plaintiff's costs.

In this case, we conclude that it was an abuse of discretion for the district court to apply the cost provision of section 1447 to the plaintiff. The defendant sought out the federal court and had the opportunity to conduct discovery and ascertain the inability of Fowler to reach the jurisdictional limit. The burden was on Safeco, not Fowler, to prove jurisdiction for removal. Fowler filed her claim in state court. She did not allege the $25,000 amount in order to obtain federal jurisdiction.[5] For these reasons each party should bear their own costs.

The district court's assessment of costs against the plaintiff is reversed and the case is remanded to the district court with instructions that it revise its order in conformity with this opinion.

REVERSED in part and REMANDED.

---

**4.** Former § 1446(d), which governs this case, required a bond posted by defendants. The 1988 amendments eliminated this requirement in favor of enabling sanctions against removing parties under Fed.R.Civ.P. 11.

**5.** We note that the district court made no finding of bad faith on the part of the plaintiff. Bad faith by either party is subject to sanctions under Fed.R.Civ.P. 11. The district judge here denied Safeco's motion for sanctions under Rule 11.