Sandra D. BARRACLOUGH, Plaintiff,

v.

ADP AUTOMOTIVE CLAIMS
SERVICES, INC., et al.,
Defendants.

No. C–93–0568–VRW.

United States District Court,
N.D. California.

April 19, 1993.

Draper B. Gregory, San Ramon, CA, for plaintiff, Sandra D. Barraclough.

Rebecca D. Eisen, Sayed M. Darwish, Brobeck, Phleger & Harrison, San Francisco, CA, for defendant ADP Automotive Claims Services, Inc.

## ORDER REMANDING STATE LAW CLAIM

WALKER, District Judge.

In April 1991, defendant ADP Automotive Claims Services, Inc. ("ADP") hired plaintiff Sandra Barraclough as a temporary employee. This cause of action arises out of plaintiff's allegation that on September 30, 1991, ADP wrongfully terminated her because of her speech impairment and physical handicap. Barraclough sued ADP in Superior Court of the State of California in Contra Costa County alleging a single cause of action for employment discrimination based on handicap in violation of the California Fair Employment and Housing Act ("FEHA"). ADP answered the complaint on August 12, 1992.

On January 27, 1993, plaintiff served ADP with a set of requests for admission, asking ADP to admit that "in connection with [its] termination of Sandra Barraclough [it] violated the Americans With Disabilities Act of 1990 pertaining to discrimination against an employee with a physical disability."

ADP's counsel telephoned Barraclough's counsel within a few days after receipt of these requests and inquired if plaintiff's counsel intended to amend the complaint to add a claim under the Americans With Disabilities Act ("ADA"). Barraclough's counsel replied that Barraclough was asserting a claim under the ADA which counsel believed was sufficiently encompassed in the existing pleading. Barraclough's counsel thereafter confirmed plaintiff's intent to state a claim under the ADA in a letter dated February 10, 1993. The letter stated:

> In connection with your inquiry by phone regarding the pleadings, this will again confirm that we have intended to include a claim under the American With Disabilities Act of 1990. Upon review of the document, I believe you will find the requisite allegations have been made, especially with regard to the failure to provide "reasonable accommodations" for Mrs. Barraclough's disability.

Having received this confirmation that Barraclough intended to assert a federal ADA claim, ADP removed the action to federal court. Barraclough now seeks to remand this case to state court on the ground that this court lacks subject matter jurisdiction and upon the alternative ground that ADP's motion to remove was not timely made.

After reviewing the papers submitted and considering the arguments of counsel at a hearing on April 16, 1993, the court hereby **DENIES** Barraclough's motion to remand for lack of subject matter jurisdiction and for defendant's failure to remove in a timely manner. Instead, the court **DISMISSES** plaintiff's ADA claim for failure to state a claim upon which relief can be granted and **REMANDS** plaintiff's remaining state employment discrimination claim to state court.

## I.

### A.

Barraclough contends that this court does not have subject matter jurisdiction over her claim against ADP because her only federal claim lacks merit. The date upon which Barraclough bases her cause of action for wrongful termination is September 30, 1991. The ADA did not become effective until July 26, 1992. See 42 U.S.C. §§ 12101–12117. Since the wrongful termination occurred before the effective date of the ADA, Barraclough's claim under the ADA is meritless. Therefore, with her only federal claim devoid of any merit, Barraclough argues that the court has no basis for federal jurisdiction and should remand the matter to state court.

The law is clear, however, that a plaintiff should not be permitted to "effectuate remand by pointing out the flaws in her own complaint, in effect arguing for dismissal of that claim * * *." *Dworkin v. Hustler Mag-*

*azine, Inc,* 611 F.Supp. 781, 784 (D.C.Wyo. 1985). Similarly, the court in *Sarmiento v. Texas Board of Veterinary Medical Examiners,* 939 F.2d 1242, 1245 (5th Cir.1991), held that the fact that a federal claim lacks merit does not deprive the district court of subject matter jurisdiction. In the present case, Barraclough argues for remand on just that ground.

Because plaintiff is asserting a federal claim (whether nor not meritorious), defendant has a right to a federal forum. As stated in *Austwick v. Board of Education,* 555 F.Supp. 840, 842 (N.D.Ill.1983), "A federal forum for federal claims is certainly a defendant's right." Even if plaintiff's federal claim is meritless, as plaintiff now claims, defendant is entitled to have the court so determine. Only when the merits of the ADA claim have been decided and the claim dismissed will remand be proper. Based upon the precedents established in *Dworkin* and *Sarmiento* and upon defendant's right to have the federal claim brought against him considered in a federal forum, the court **DENIES** Barraclough's motion to dismiss for lack of subject matter jurisdiction.

### B.

█ Barraclough also moves the court to remand this case on the ground that ADP's procedure was defective because it did not file its notice of removal within thirty days.

The court finds, however, that ADP's removal was timely. The statute clearly states that the thirty day removal period begins upon defendants' receipt of any "paper from which it may first be ascertained that the case is * * * removable." 28 U.S.C. § 1446(b).

Plaintiff's complaint makes no mention of any federal claim. Its sole cause of action is for wrongful termination in violation of the California FEHA. Thus, plaintiff's contention that defendant was put on notice of this case's removability as soon as the complaint was filed is incorrect.

Defendant was first put on notice of a federal claim when plaintiff propounded discovery inquiring whether defendant had violated the ADA. Because plaintiff had made no prior reference to the ADA, defendant's counsel promptly contacted plaintiff's counsel

and inquired of plaintiff's intent. Plaintiff's counsel clearly stated that plaintiff intended to assert an ADA claim. Moreover, in his February 10, 1993, letter to defendant, plaintiff's counsel confirmed his intention to include an ADA claim in the pleadings. Defendant then promptly removed this action to federal court on February 12, 1993, less than thirty days after receipt of the February 10 letter. Accordingly, defendant's removal was timely, and the court **DENIES** plaintiff's motion to remand for untimeliness.

### II.

█ Now that the court has determined that this matter is properly before it, the court turns to the merits of plaintiff's asserted claims. Plaintiff concedes that her alleged wrongful termination occurred on September 30, 1991, almost a full year before the ADA became effective in July 26, 1992. Since plaintiff fails to state an ADA claim upon which relief can be granted, the court **DISMISSES** this claim pursuant to FRCP 12(b)(6). Having dismissed the only federal cause of action, the court hereby **REMANDS** plaintiff's only remaining claim for violation of the California Fair Employment and Housing Act to state court for adjudication. *Nishimoto v. Federman–Bachrach & Association,* 903 F.2d 709, 715 (9th Cir.1990), provides this court with authority to remand. As stated in *Nishimoto,* once no federal claims remain, it is within the district court's discretion to determine whether to remand the remaining claims. In deciding whether to exercise supplemental jurisdiction a state law claim,

> a district court should "consider and weigh in each case * * * the values of judicial economy, convenience, fairness, and comity." In a case in which all federal law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims.

*Id.* Having considered and weighed the "values of judicial economy, convenience, fairness and comity," the court hereby **REMANDS** plaintiff's FEHA claim to state court.

### III.

 Finally, 28 U.S.C. § 1447(c) empowers this court upon remand to require a party to pay "just costs and any actual expenses, including attorneys' fees, incurred as a result of removal." Defendant requests an award of costs and fees associated with the removal and remand since such expenses were allegedly incurred "only as a result of plaintiff's misleading assertions and gamesmanship."

The court in *Austwick*, 555 F.Supp. at 842, stated,

> If a state forum is more important to plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation such as plaintiff has employed cannot be condoned.

The court finds that plaintiff has engaged in exactly the type of manipulation condemned in *Austwick*. Plaintiff first served requests for admission requiring defendant to admit its conduct violated a statute which was not in effect when plaintiff filed the complaint. Thereafter, plaintiff twice acknowledged she was pursuing an ADA claim which plaintiff now concedes is meritless. In reliance on plaintiff's representations, defendant incurred the expense of removing this action to this court. Now perceiving that a federal forum might prove disadvantageous, plaintiff moves to remand. As a result, defendant was put to the additional expense of opposing plaintiff's motion and requesting dismissal of plaintiff's claim. Accordingly, the court hereby awards to defendant all costs and fees incurred in removing this action and opposing plaintiff's motion to remand.

In so ruling, this court is not imposing new burdens on plaintiff. Pursuant to § 1447(c), the court in *Moore v. Permanente Medical Group*, 981 F.2d 443 (9th Cir.1992), upheld an award of attorney's fees and expenses to plaintiffs incurred as a result of defending against defendants' improper removal motion. Although in *Moore* it was defendants who were responsible for the improper removal, whereas in this case it is plaintiff, the *Moore* ruling applies equally to both plaintiffs and defendants. Thus, based upon 28 U.S.C. § 1447(c) and *Moore*, the court finds an award of costs and fees appropriate, and orders defendant to submit within ten days an application for costs and fees and to substantiate the reasonableness of such request. Plaintiff may have fifteen days thereafter to oppose any specific item of costs or fees. The matter will be decided without further hearing unless plaintiff requests a hearing.

IT IS SO ORDERED.