Glenn E. LAMOTTE, Plaintiff–Appellee,

v.

ROUNDY'S, INC., Defendant–Appellant.

No. 93–3163.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 25, 1994.

Decided June 22, 1994.

---

7. We do not reach the question whether Geldermann had any *duty* to notify FMC of the alleged market manipulation rumors.

Before CUMMINGS and MANION, Circuit Judges, and MILLER, District Judge.*

CUMMINGS, Circuit Judge.

On October 15, 1992, plaintiff Glenn E. LaMotte, currently a resident of South Carolina, commenced this action in the State of Wisconsin Circuit Court for Waukesha County against his former employer, defendant Roundy's, Inc. ("Roundy's"), a Wisconsin corporation with its principal place of business in that state. On November 6, 1992, Roundy's filed a petition in the United States District Court for the Eastern District of Wisconsin requesting that the case be removed to that court pursuant to 28 U.S.C. § 1441. In its petition, Roundy's alleged that removal was proper because the parties were citizens of diverse states and the

amount in controversy exceeded $50,000. 28 U.S.C. § 1332. Nineteen days later, plaintiff filed a motion requesting that the case be remanded to state court on the ground that 28 U.S.C. § 1441 did not provide a basis for removal of the controversy to federal court.

■ In April 1993 a magistrate judge granted plaintiff's motion for remand, holding that since defendant Roundy's was a citizen of Wisconsin—the state in which the action was brought—and there was no federal question involved in the controversy, removal was inappropriate. See Magistrate Judge's Order of April 15, 1993 at 3 (citing 28 U.S.C. § 1441(b), which provides that cases not involving federal questions are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). In May 1993, the magistrate judge ordered Roundy's to pay $5,302 in attorney's fees to LaMotte pursuant to 28 U.S.C. § 1447(c).[1] In August 1993, the district court affirmed the magistrate judge's award of attorney's fees.[2]

■ Roundy's now appeals the award of attorney's fees. It has not, however, appealed the remand order underlying the award of attorney's fees. An award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is reviewable on appeal even when the underlying remand order is not. *Miratini v. Lee*, 3 F.3d 925, 927–928 (5th Cir.1993).

*Analysis*

Roundy's believes that the district court erred when it awarded LaMotte $5,302 to compensate him for the attorney's fees he incurred as a result of Roundy's removal of the case from Wisconsin Circuit Court. Roundy's argues as follows: a district court may order a case remanded either because it lacks subject matter jurisdiction over the

---

* The Honorable Robert L. Miller, Jr., District Judge for the Northern District of Indiana, is sitting by designation.

1. Section 1447(c) provides that "[a]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

2. Plaintiff argues that this Court lacks jurisdiction over this appeal because the district court's order was not reduced to a separate judgment as required by Fed.R.Civ.P. 58. It is clear, however, from the district court's opinion that the district judge intended his order to be a final disposition of the issue. That is all that is required to give this Court jurisdiction—the requirement of Rule 58 is not jurisdictional. *Abbs v. Sullivan*, 963 F.2d 918, 923 (7th Cir.1992).

controversy or because there was a "defect in the removal procedure" (28 U.S.C. § 1447(c)); the remand ordered here was based on a defect in removal procedure rather than on a lack of jurisdiction; and 28 U.S.C. § 1447(c) provides for an award of attorney's fees only when the district court finds that it lacks jurisdiction and not when—as Roundy's claims is the case here—the remand is based on a "procedural defect" (Br. 9–10).

■ Although superficially plausible, Roundy's argument is, ultimately, unconvincing. First, as Roundy's acknowledges, it is an open question in this Circuit whether the ground on which the present case was remanded—that defendant Roundy's is a citizen of the state in which the action was brought—is a jurisdictional or a procedural defect.[3] But even were this Court to resolve this issue in Roundy's favor and conclude that the remand here was based on a defect in removal procedure, it is clear that 28 U.S.C. § 1447(c) does not—as Roundy's would have us believe—prevent a district court from awarding attorney's fees and other costs when it remands a case based on a procedural defect.

The plain language of 28 U.S.C. § 1447(c) makes this abundantly clear. Section 1447(c) provides, in relevant part, that "[a]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Nothing in this wording suggests that an award of costs or expenses is appropriate only where the remand order is based on a jurisdictional defect. Nor is there anything to indicate that such a limitation should be read into § 1447(c). In fact, the evidence suggests just the opposite. Most significantly, although the previous version of § 1447(c) expressly limited the award of costs to in-

stances where the remanded case was removed "without jurisdiction" (28 U.S.C. § 1447(c) (1975)), this jurisdictional limitation was removed by a 1988 amendment.[4] To hold as Roundy's asks would require this Court to read in what Congress expressly took out—a course of action we are loath to follow.

Consequently, we conclude that § 1447(c) allows a district court to award costs pursuant to an order remanding a case either on the grounds that the court lacks subject matter jurisdiction or on the basis that the procedures for removal were not satisfied. The district court's award of attorney's fees to plaintiff is, therefore, affirmed. We decline, however, plaintiff's invitation to award sanctions against defendant Roundy's pursuant to 28 U.S.C. §§ 1912, 1927 and Federal Rule of Appellate Procedure 38. Although strained, Roundy's argument on appeal was not frivolous.

JUDGMENT AFFIRMED.

---

**3.** This is an issue on which the Circuits are currently split, the Fifth Circuit holding that the presence of defendants who are citizens of the forum state is a procedural defect, *In re Shell Oil Co.*, 932 F.2d 1518, 1521–23 (5th Cir.1991), and the Eighth Circuit holding that the presence of such defendants is a jurisdictional defect, *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1145 (8th Cir.1992). Roundy's, of course, argues that this Court should adopt the reasoning of the Fifth

Circuit, and plaintiff that we should adopt that of the Eighth. However, since we hold *infra* that the removal statute allows a district court to award attorney's fees regardless of whether the remand is a procedural or jurisdictional defect, we need not take sides in the controversy here.

**4.** The 1988 amendment produced the version of § 1447(c) currently in effect. The relevant language of the current version is set out *supra*.