Mary F. SHRADER

v.

LEGG MASON WOOD WALKER, INC., et al.

No. 94-5881.

United States District Court, E.D. Pennsylvania.

March 9, 1995.

Paul J. Giordano, of Monteverde & Hemphill, Philadelphia, PA, for plaintiff.

Mark S. Stewart, James F. Mannion and Robert R. Baron, Jr., of Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, for defendants.

### MEMORANDUM

DALZELL, District Judge.

#### I. Introduction

On September 7, 1994, plaintiff Mary F. Shrader ("Mary") filed an eleven-count complaint in the Court of Common Pleas of Philadelphia County, naming Legg Mason Wood Walker, Inc., Thomas Dugan, and Allen H. Shrader ("Allen H.") as defendants, and Allen R. Shrader ("Allen R.") as a nominal defendant. The complaint relied exclusively on state law. Apart from naming Allen R. (her son) as a nominal defendant, the eleven counts of Mary's complaint were nearly indistinguishable from an earlier complaint, ten counts of which we dismissed on the merits by Order dated December 20, 1993, *see* Memorandum Opinion and Order, *Shrader v. Legg Mason Wood Walker, Inc., et al.*, No. 93–3967, 1993 WL 532911 (E.D.Pa. December 20, 1993).[1]

Defendants Legg Mason, Dugan, and Allen H. removed the second complaint to this Court on September 27, 1994. They relied on the general rule that nominal defendants need not be diverse from a plaintiff, *Navarro Savings Association v. Lee*, 446 U.S. 458,

461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980), nor need they join in a notice of removal, *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991). *See* Notice of Removal at 5. By Order dated September 29, 1994, we raised the question of our jurisdiction to hear this action *mea sponte* and directed the parties to file briefs addressing two issues.[2]

In her briefs to the Court, however, Mary abjured her Complaint and wrote, "Allen R. is *not* a nominal party; he is an indispensable party, because he has a vested interest in the issues which will be decided in this lawsuit", *see* Memorandum of Mary Shrader in Support of Remand at 5 (emphasis added). We analyzed the applicable law and ultimately agreed with this statement. Mary has never explained this inconsistency.[3]

We concluded that defendants deserved an award for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) because "difficult, threshold, and collateral jurisdictional issues have arisen in this action only because Mary [F.] chose to name her son as a 'nominal defendant' despite earlier, clear iterations of substantive trust law on identical issues between these same parties in an earlier case." Order, *Shrader v. Legg Mason Wood Walker*, No. 94–5881, at 5 (E.D.Pa. January 4, 1995).

---

1. We dismissed ten counts of this earlier complaint after finding that the statute of limitations barred two of the claims and Mary lacked standing to assert eight of the claims. We remanded one count to the Court of Common Pleas after finding that Allen R. (the trustee of the Clifford Trust at issue) was an indispensable party to this claim. Mary reasserted all eleven claims in her second complaint.

2. Our Order asked the parties to answer two questions:

    1. Whether Allen R. Shrader is or can be a "nominal party" to this action (*see* Memorandum Opinion, *Shrader v. Legg Mason Wood Walker, Inc., et al.*, No. 93–3967 [1993 WL 532911] (E.D.Pa. December 20, 1993) (Dalzell, J.)), and if so, the effect that his status as "nominal" would have on th[e] issues of diversity and removal; and

    2. Whether this Court has jurisdiction to proceed in this action, and, if not, whether we must remand the entire case to the Court of Common Pleas or only those claims that plain-

tiff asserts against Allen R. Shrader, the nondiverse defendant, *cf. Bradgate Assocs, Inc. v. Fellows, Read & Assocs, Inc.*, 999 F.2d 745 (3d Cir.1993); *Hummel v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 749 F.Supp. 1023 (D.Haw.1990).

*Shrader v. Legg Mason Wood Walker*, No. 94–5881 (E.D.Pa. September 29, 1994).

3. Mary's silence continues even in her briefs in response to Legg Mason's motion for fees and costs. She writes, "[P]laintiff was not given a sufficient opportunity to justify or explain why [Allen R.] was joined in such a fashion." Memorandum of Mary F. Shrader in Opposition to Defendants['], Legg Mason Wood Walker, Inc. and Thomas Dugan[,] Motion for Attorney's Fees and Costs at 5–6. In the absence of a satisfactory response, we adhere to our earlier conclusion that there is "no principled explanation for Mary [F.]'s disowning her complaint...." Order, *Shrader v. Legg Mason Wood Walker*, No. 94–5881, at 6, 1995 WL 102697 (E.D.Pa. January 4, 1995).

We granted leave to defendants to file a motion for fees and costs "for plaintiff's misleading description of Allen R. as a nominal defendant", *id.* at 7, and Legg Mason and Dugan (collectively "Legg Mason") filed such a motion on January 12, 1995. They seek $25,811.26.

In this Memorandum we consider whether to award costs and fees to Legg Mason, and, if so, the amount of the award.[4]

## II. *Analysis*

### A. *Awarding Costs and Attorney's Fees under 28 U.S.C. § 1447(c)*

28 U.S.C. § 1447(c) provides:

An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

■ We discuss the statutory language in more detail below, but at the outset we note that § 1447(c) provides district courts with the discretion to remedy abuses in the use of the removal procedure. As Mary wisely concedes, § 1447(c) does not require a finding of bad faith, *see, e.g., Miranti v. Lee,* 3 F.3d 925, 929 (5th Cir.1993); *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 445–447 (9th Cir.1992); *Morgan Guar. Trust Co. v. Republic of Palau,* 971 F.2d 917, 923–24 (2d Cir.1992), and we therefore conclude that Congress intended the statute to serve remedial, not punitive, purposes. *See, e.g., Moore,* 981 F.2d at 447 (noting that § 1447(c) awards are "simply reimbursement"); *Morgan Guaranty Trust Co.,* 971 F.2d at 926 (Walker, J., dissenting) ("[S]ection 1447 is principally designed to compensate . . . .").[5] The legislative history of § 1447(c) confirms this interpretation. *See* H.R.Rep. No. 889, 100th Cong., 2d Sess. 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033 (noting that

§ 1447(c) allows "payment of actual expenses incurred" and that "civil rule 11 can be used to impose a more severe sanction when appropriate").

Mary presents two arguments in response to the motion. First, she argues that her complaint did not cause Legg Mason to believe that Allen R. was a nominal defendant and, thus, that her conduct does not warrant an award. Second, she argues that 28 U.S.C. § 1447(c) does not permit a court to award costs and fees to *defendants;* Mary construes § 1447(c) to permit awards only to plaintiffs, against defendants who improvidently remove actions to federal court without jurisdiction. We consider these arguments in turn.

### 1. *The Purpose of the Award*

In essence, Mary's first argument assumes that Legg Mason knew, or should have known, that Allen R. was not a nominal defendant. This argument has some merit, since in our earlier opinion we had held that Mary lacked an independent right to sue Legg Mason without joining Allen R., the trustee. We also had held that Allen R. was an indispensable party to Mary's claim for breach of the trust. *See* Memorandum Opinion, *Shrader v. Legg Mason Wood Walker, Inc., et al.,* No. 93–3967, at 2, 7–21, 1993 WL 532911 (E.D.Pa. December 20, 1993). Legg Mason was certainly aware of this prior jurisprudence.

■ Mary's argument fails, however, in practical application. After all, *Mary* labelled her son "nominal". If Mary was willing to use that label, then Legg Mason could—at the very least—also use it to try to remove the case to federal court. Legg Mason might well have thought that Mary had erred in calling Allen R. nominal, and it might also have discounted the likelihood of

---

4. Neither party has requested a hearing before we consider the merits of Legg Mason's motion, nor do we believe a hearing is required before disposition. *See, e.g., The Children's Village v. Greenburgh Eleven Teachers' Union Federation of Teachers, Local 1532,* 867 F.Supp. 245, 248 (S.D.N.Y.1994) (granting motion for costs and fees without a hearing); *Ingemi v. Pelino & Lentz,* 866 F.Supp. 156, 163 (D.N.J.1994) (same); *Barraclough v. ADP Automotive Claims Servs.,* 818 F.Supp. 1310, 1313 (N.D.Cal.1993) ("The

matter will be decided without further hearing unless plaintiff requests a hearing.").

5. We do not find that Mary acted in bad faith when she labeled Allen R. "nominal". Indeed, because she maintains her Cheshire-like silence, we have ascribed *no* reason—innocent or damnable—for her conduct. We conclude here only that she should be accountable for having wasted the Court's and the parties' resources.

success in removing the case. Yet it could certainly *try* to remove the case, and it could justifiably rely on Mary's label in its legal argument. In short, Mary's conduct led to the removal, and Legg Mason's removal was a proper response to that conduct.[6]

Mary's argument also suffers from the clarity of hindsight. Legg Mason received a complaint in which the plaintiff had named a nominal defendant. Mary (who wishes to charge Legg Mason with the prior jurisprudence between the parties) may well be charged with the Supreme Court's removal teaching, which emphasizes that a plaintiff is the mistress of her complaint. *See, e.g., Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). It is also well-settled that a court must take the facts of the complaint as true at the time of removal. *See, e.g., Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987). In short, to the contrary of Mary's assertions, it became "obvious" that Allen R. was not a nominal defendant only after we so ruled.[7]

Finally, Mary's argument does not fully describe the facts of the removal. We consider an award of costs and fees appropriate not only because she labeled her son "nominal"—after all, Mary might mistakenly have thought that Allen R. could be a nominal defendant—but also because of her inconsistency. In *Bloom v. Barry*, 755 F.2d 356 (3d Cir.1985), an analogous case, the American Honda Motor Company removed a case from a Florida state court, alleging that the complaint satisfied jurisdictional thresholds. *Id.* at 356. After the district court transferred the case to the District of New Jersey, Honda sought dismissal, alleging that the complaint did not satisfy the same jurisdictional thresholds. *Id.* at 357. After completing review of unrelated issues, the Third Circuit suggested:

> The odyssey to which Mr. Bloom and his counsel have been subjected as a result of the inconsistent positions taken by Honda with respect to jurisdictional amount suggests that consideration by the district court of an award of excess costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927 (1982) may be appropriate.

*Id.* at 358. We recognize that *Bloom* is legally inapposite, since we do not rest our award of sanctions on § 1927. We hold today only that a plaintiff's similar inconsistency during removal proceedings warrants a remedial award under § 1447(c). *See also Barraclough v. ADP Automotive Claims Services, Inc.*, 818 F.Supp. 1310, 1310–1311 (C.D.Cal.1993).[8]

### 2. Awards to Defendants

Mary also argues that § 1447(c) does not permit an award of costs and fees to defendants. She quotes favorable language from *Fowler v. Safeco Insurance Co.*, 915 F.2d 616, 618 (11th Cir.1990), in which the Eleventh Circuit counseled:

> The statute itself appears to contemplate the imposition of costs only on the defendant, not on the plaintiff. Costs are assessed in a case of "improvident removal." As it is the defendant who removes, it logically must be the defendant who would act improvidently and be assessed just costs.

*Id.* Unfortunately, Mary relies on a case that interpreted a version of § 1447(c) that is no longer the law. Although decided in 1990, *Fowler* explicitly relied on § 1447(c) as it stood before its revision in 1988. *See Fowler*, 915 F.2d at 617 n. 1.[9] Before 1988, § 1447(c) stated:

---

**6.** Consider, for example, if Mary had not labelled Allen R. "nominal", and Legg Mason nevertheless removed, arguing (without the benefit of Mary's apparent agreement) that Allen R. was a nominal defendant. If such a hypothetical occurred, we would likely have awarded fees and costs to Mary.

**7.** The issue was not an easy one, either. The parties will recall that nearly three months elapsed while we considered the issue.

**8.** We discuss *Barraclough* in detail below.

**9.** It appears that *Fowler* erred slightly in transcribing the pre–1988 version of § 1447(c), but the error would not affect the analysis in *Fowler*, or in this case.

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

28 U.S.C. § 1447(c) (1982), *amended by* Judicial Improvement and Access to Justice Act, Pub.L. No. 100–702, § 1016(c)(1), 102 Stat. 4642, 4670 (1988). In 1988, Congress amended § 1447(c) to its present form:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Notably absent from the current version of § 1447(c) is the language of "improvident[ ]" removal. The current version vests the district courts with discretion to make awards for removals *other than* "improvident[ ]" removals.[10] Thus, we do not find the logic of *Fowler* persuasive to post–1988 cases interpreting § 1447(c). The logic of the statute now counsels a different result: because § 1447(c) permits discretionary awards for abuses other than improvident removal, plaintiffs' abuses are now within the statute's reach. *See, e.g., LaMotte v. Roundy's, Inc.,* 27 F.3d 314, 316 (7th Cir.1994) ("[A]lthough the previous version of § 1447(c) expressly limited the award of costs to instances where the remanded case was removed 'without jurisdiction' . . ., this jurisdictional limitation

was removed by a 1988 amendment.") (footnote omitted).

The strongest case that we have found in support of Mary's position is *Miranti v. Lee, supra,* 3 F.3d at 928–29. In *Miranti,* the Fifth Circuit interpreted § 1447(c) in the light of a practice commentary and concluded that "the propriety of the defendant's removal continues to be central in determining whether to impose fees." *Id.* at 928 (citing David D. Siegel, *Commentary on 1988 Revision of Section 1447,* 28 U.S.C.A. § 1447(c) (1994)).[11] *Miranti* did not focus on the issue before this Court. In the context of awards to plaintiffs, *Miranti*'s holding is unexceptional. We do not read that case, however, to foreclose awards to defendants in proper cases, nor have we found a case so foreclosing. Although awards to defendants will undoubtedly be rare, we find their authorization in the broad language of Congress's amendment to § 1447(c).[12]

Legg Mason has directed us to the instructive case of *Barraclough v. ADP Automotive Claims Services, Inc., supra,* 818 F.Supp. at 1313. In *Barraclough,* the plaintiff filed a complaint in state court that was written broadly enough to encompass a claim under the Americans with Disabilities Act. In a letter to defense counsel, plaintiff's counsel reiterated their intent to press an ADA claim. The defendants removed the case. *Id.* at 1311. After removal, Barraclough successfully sought remand by, *inter alia,* "pointing out the flaws in her own complaint". *Id.* (quoting *Dworkin v. Hustler*

---

**10.** The amendment to § 1447(c) also widened the basis for awards to include "any actual expenses, including attorney fees".

**11.** Siegel also focused on the normal case, *i.e.,* an award to plaintiffs. He interpreted the statute to allow an award of costs and fees "should [a court] find that it was improper for the defendant to remove the case." We do not quarrel with this statement as a description of the usual case. As we explain in the text, however, we do not believe that this is the *only* basis for an award of costs and fees in the light of the 1988 amendment.

**12.** As usual, examination of the legislative history to the 1988 amendment neither confirms nor precludes our analysis. As cases like *Fowler* illustrate, the history of § 1447(c) before 1988

clearly focused on defendants' conduct. The House Report, *supra,* does not explicitly expand that focus. It notes, "The [1988 amendment] would amend section 1447(c) to ensure that the court may order payment of actual expense caused by an improper removal." 1988 U.S.C.C.A.N. 6033. Yet, as cases like *LaMotte* have recognized, "improper removal" is no longer the sole basis for § 1447(c) awards. Thus, the House Report is not entirely consistent with the broadening language of the 1988 amendment.

In the absence of clear congressional intent, the issue we address presents (again) the never-ending statutory debate between history and text. Without the benefit of congressional intent to favor history over text, we shall ascribe to the text its ordinary meaning and conclude that the amendment to § 1447(c) brings plaintiffs' conduct within its reach.

*Magazine, Inc.,* 611 F.Supp. 781, 784 (D.C.Wyo.1985)). The defendants filed for costs and fees pursuant to § 1447(c), and Judge Walker found the request meritorious:

> The court finds that plaintiff has engaged in exactly the type of manipulation condemned in [*Austwick v. Board of Education,* 555 F.Supp. 840, 842 (N.D.Ill. 1983) ].... [P]laintiff twice acknowledged she was pursuing an ADA claim which [she] now concedes is meritless.... Now, perceiving that a federal forum might prove disadvantageous, plaintiff moves to remand.

*Id.* at 1313.[13] Similarly, Mary must have perceived some tactical advantage in naming Allen R. a nominal defendant. Unfortunately, she may not have realized that the same label would allow Legg Mason to argue—albeit unsuccessfully—for removal. As in *Barraclough,* Mary changed her position after removal to suit the tactical advantage that she must have seen in remand. Such conduct is intolerable.

In short, we conclude that the facts of this case allow, and the language of § 1447(c) permits, us to award costs and fees to Legg Mason.

### B. *The Amount of the Award*

■ Although we have concluded that Legg Mason is entitled to costs and fees, the amount of the award remains within the sound discretion of the district court. *See, e.g., Miranti,* 3 F.3d at 928.

■ Mary suggests that the amount that Legg Mason seeks—$25,811.26—is so excessive as to counsel against any award at all. We disagree. We have reviewed the billing summaries and affidavits of Legg Mason's able counsel, and we do not find the amount sought unreasonable. Admittedly, $25,811.26 is a considerable amount, but we balance that

sum against Legg Mason's powerful interest in convincing this Court to retain jurisdiction over the complaint. We had, after all, ruled in its favor on a prior complaint that presented nearly identical issues. Thus, it is not surprising that Legg Mason devoted significant resources to the Court's request for briefing.

Nevertheless, we shall decline to award Legg Mason the full amount that it seeks. An award that is faithful to Congress's desire for "actual expenses, including attorney fees", but discounts for Legg Mason's understandable vigor in seeking a forum where it earlier enjoyed success will, in our view, achieve the proper balance. We shall therefore award Legg Mason 25% of what it seeks, a sum that we believe compensates Legg Mason fairly, while not excessively burdening Mary F. Shrader for the peculiar circumstances that led Legg Mason to invest as much as it did to hold this forum.[14]

An appropriate Order follows.

### ORDER

AND NOW, this 9th day of March, 1995, upon consideration of the Motion of Defendants Legg Mason Wood Walker, Inc. and Thomas Dugan for Attorneys' Fees and Costs, and the response of plaintiff thereto, and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

1. The motion is GRANTED;

2. Pursuant to 28 U.S.C. § 1447(c), defendants Legg Mason Wood Walker, Inc., and Thomas Dugan are awarded six thousand four hundred and fifty-two dollars and eighty-two cents as "just costs and ... actual expenses"; and

3. Plaintiff shall deliver to defendants' counsel a certified or bank check for the

---

13. *Austwick* condemned "jockey[ing] from state court to federal court and back to state court" as "a drain on the resources of the state judiciary, the federal judiciary and the parties involved...." *Austwick,* 555 F.Supp. at 842.

14. The Third Circuit has recently counselled against reducing an award of costs under Federal Rule of Civil Procedure 54(d). *Smith v. South-*

*eastern Pennsylvania Transp. Auth.,* 47 F.3d 97, 100 (3d Cir.1995). The mandatory language of Rule 54(d) ("costs ... shall be allowed as of course") is sufficiently different from the permissive language of § 1447(c) as to counsel a different result. *See also Morgan Guar. Trust Co., supra,* 971 F.2d at 922–23 (noting that "an award under the amended statute is nonetheless discretionary in the first instance.").

amount of the award to defendants within ten business days of the date of this Order.