96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth W. STEBBINS, as an individual and as President of
American Grain Company, Incorporated and American
Grain Company, Incorporated, an Indiana
Corporation, Plaintiffs-Appellants,
v.
CAPITAL CITIES/ABC, INCORPORATED, a New York Corporation,
Lorimar Television, a Division of Time Warner Company, a
California Corporation, "American Detective," a television
program owned and operated by ABC and Lorimar Television, et
al., Defendants-Appellees.
 No. 95-3774.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 1, 1996.*
Decided Sept. 4, 1996.
 
 Before RIPPLE, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 American Grain Company and its president Kenneth Stebbins appeal from the district court's dismissal of their complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). On appeal, they construe the dismissal as one under Federal Rule of Civil Procedure 4(m) and contend that the district court abused its discretion by sua sponte dismissing their case without providing them warning of impending dismissal. We affirm.
 
 
 2
 On February 3, 1995, Stebbins and American Grain filed their complaint, seeking damages for malicious interference with their business and defamation of their persons and business as a result of actions taken by the defendants in a nationally televised broadcast. The record, however, shows that no service of process was served upon any named defendant within the 120 days required under Rule 4(m).
 
 
 3
 On June 8, 1995, Fred Stoops, the attorney who filed plaintiffs' complaint, moved to withdraw as counsel in this case. A magistrate judge granted withdrawal by an order entered on the same date. In the order, the judge directed Stoops to "explain" to plaintiffs their "obligations" under Rules 4(c) and (m). Stoops complied with the judge's directions. For the next four months, however, plaintiffs did nothing.
 
 
 4
 On October 19, 1995, the district court dismissed the case without prejudice under Rule 41(b) for want of prosecution.[1] In reaching this conclusion, the court explained that the plaintiffs failed to serve summons under Rule 4(m).
 
 
 5
 The following month, Stebbins and American Grain filed both a notice of appeal and a motion for reconsideration. In the motion, they asserted that the statute of limitations on their cause of action had expired, thereby likely barring the refiling of an action. Plaintiffs, however, made no effort to suggest good cause for their failure to complete service. The court dismissed the motion.
 
 
 6
 The only argument that plaintiffs raise on appeal specifically regarding Rule 41(b) is that the rule does not authorize the district court to dismiss an action sua sponte. This argument is baseless. As the Supreme Court explained in Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962), "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." See also In re Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir.1995) (citing Link ). The district court did not abuse its discretion in dismissing the action sua sponte. Id.
 
 
 7
 Plaintiffs' principal argument on appeal is that this dismissal was one under Rule 4(m). They assert that "the district court cannot delegate to the plaintiffs' former attorney the court's clear obligation under Rule 4(m) to give notice to a plaintiff of a possible sua sponte dismissal." Plaintiffs' Br. at 15 (emphasis added). Plaintiffs also assert that "delegating this notice function, with the notice that was actually given to the plaintiffs here, resulted in the plaintiffs not receiving the kind of notice Rule 4(m) requires, and constituted an abuse of discretion." Id. (emphasis added). To the extent that the district court's order served functionally as a Rule 4(m) dismissal, dismissal was appropriate.
 
 
 8
 Our standard of review of a dismissal for untimely service is abuse of discretion. Espinosa v. United States, 52 F.3d 838, 840 (10th Cir.1995). Rule 4(m) is explicit that the court can sua sponte dismiss a complaint for non-service, but it is just as explicit that the court must give notice to the plaintiff when it does. Several courts, however, have held that notice need not have been issued before dismissal if the plaintiff moves for reconsideration, and as a result, has an opportunity to submit whatever he would have presented earlier to the court as "good cause" for failure of service. Ruiz Varela v. Sanchez Velez, 814 F.2d 821, 823 (1st Cir.1987); Whale v. United States, 792 F.2d 951, 952 (9th Cir.1896) (same); cf. Smith-Bey v. Cripe, 852 F.2d 592, 593 (D.C.Cir.1988). Although the 1993 amendments to Rule 4 broadened the discretion of the district courts by allowing them to extend the time for service even if a plaintiff has not shown good cause, see Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir.1996); Espinosa v. United States, 52 F.3d 838, 841 (10th Cir.1995); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3rd Cir.1995), "a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." Petrucelli, 46 F.3d at 1306.
 
 
 9
 We shall not disturb the district court's dismissal. First, the plaintiffs had an opportunity in their motion for reconsideration to show good cause for failure of service. Plaintiffs failed to do so. Second, the plaintiffs had notice from attorney Stoops four months prior to dismissal that they had certain obligations under Rule 4(c) and (m) that needed to be fulfilled so that their case could be continued. Plaintiffs did not fulfill these obligations.
 
 
 10
 Finally, plaintiffs argue that the district court should have held a hearing to determine whether plaintiffs could demonstrate good cause for failure of service. Plaintiffs, however, have provided no information about the type of evidence that they would attempt to produce at a hearing. Nor have they offered any explanation for their continued inaction in the months following Stoops's withdrawal. See Bachenski v. Malnati, 11 F.3d 1371, 1377 (7th Cir.1993) (plaintiff's "scanty presentation" in post-trial motion to substantiate unsuccessful efforts at achieving service failed to establish good cause).
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the brief and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 We note that the district court did not comply with Federal Rule of Civil Procedure 58 by entering a separate judgment order. However, the dismissal order clearly reflected the district court's intent to terminate this case, and that is all that is required to give us appellate jurisdiction. See LaMotte v. Roundy's, Inc., 27 F.3d 314, 315 n. 2 (7th Cir.1994)