[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-14158
Non-Argument Calendar
_____

D. C. Docket No. 05-00982-CV-T-23-TBM

DEBBIE DEVINE,

Plaintiff-Appellee,

versus

PRISON HEALTH SERVICES, INC.,

Defendant-Appellant,

AMERICA SERVICE GROUP, INC., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(December 27, 2006)**

Before BIRCH, PRYOR and HILL, Circuit Judges.

PER CURIAM:

Debbie Devine seeks the award of attorney's fees incurred by her due to the alleged improper removal to federal court of this action by defendant, Prison Health Services, Inc. The district court awarded certain of the fees and the defendant appealed.

I.

Debbie Devine filed this action in state court against appellant and others for violations of the Florida Private Whistle blowers Act, § 448.1 02, defamation, wrongful discharge, payment for accrued but unpaid wages, intentional infliction of emotional distress, and false light invasion of privacy. Devine's claims arise under Florida statutes and Florida common law.

In May of 2005, Prison Health Services, Inc., ("PHS") removed this action, asserting that Devine invoked federal jurisdiction by mentioning the words "federal" and "overtime" in her complaint. In addition to filing the Notice of Removal, PHS filed approximately 50 pages of pleadings against Devine in the federal court to which she was forced to respond.

In June of 2005, two days after removal, Devine filed an Amended Complaint in which she removed the word "federal" from her complaint and requested that PHS stipulate to her contemporaneously filed motion for remand.

PHS refused.

On July 7, 2005, the district court granted Devine's motion and remanded the action to state court, holding that PHS had failed to establish a basis for federal jurisdiction. The court rejected PHS's claim that federal question jurisdiction appears on the face of the complaint, stating that "[m]erely employing the word 'overtime' in a complaint raises no federal question unless the 'overtime' compensates work in excess of forty hours . . . ." The court also held that diversity jurisdiction was not available as a basis for jurisdiction because not all the parties were diverse, PHS did not meet its "heavy burden" to show fraudulent joinder, and there was no showing that the amount in controversy was met. The court granted Devine's request for fees and costs incurred as the result of the improper removal.

The district court referred the matter to the magistrate judge to determine the amount of fees. On March 10, 2006, the magistrate issued a Report and Recommendation granting $2,821.50 to Devine. PHS filed no objections to the Report and Recommendation. Accordingly, on March 29, 2006, the district court entered a final order adopting the Report and Recommendation and awarding the fees as determined by the magistrate judge.

On April 10, 2006, PHS filed a motion for reconsideration of the award of attorney's fees, asserting as "intervening law" a Supreme Court decision that was

handed down on December 7, 2005, after the district court order awarding fees but over three months before both the Report and Recommendation and the district court's order reducing its award to a judgment. PHS claimed that this intervening law that required reversal of the district court's award of fees. The district court denied the motion, holding that the authority from the Supreme Court did not change the result in this case. We agree.

## II.

The Supreme Court's decision in *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704 (2005), does not require that we reverse the district court's award of fees in this case. In *Martin*, the Court held that there is no presumption in favor of the award of fees and costs upon the grant of remand for improvident removal. *Id.* at 711. PHS contends that reversal of the district court award is required because the district court "appear[ed] to award fees simply because the case was remanded," which *Martin* prohibits. We disagree.

In remanding this case, the district court specifically relied upon and cited *Tran v. Waste Management, Inc.*, 290 F. Supp. 2d 1286 (M.D. Fla. 2003). *Tran* permits the award of attorney's fees, in the *discretion* of the district court, when the district court finds that the removal was "patently improper" and the defendant demonstrated no reasonable basis for removal. *Id.* at 1295. Thus, the district

4

court clearly recognized that it was exercising its discretion in the award of these fees. *Martin* is inapplicable.

As to whether the district court abused its discretion in choosing to award these fees, *Martin* explains that "the standard for awarding fees should turn on the reasonableness of the removal." 126 S. Ct. at 711. The district court determined that the removal in this case was not objectively reasonable because there was no basis for federal jurisdiction on the face of the complaint. We find no abuse of discretion in this conclusion. *Fowler v. Safeco Ins. Co.*, 915 F.2d 616, 617 (11th Cir. 1990) (we may review the merits of a remand order in considering whether the district court abused its discretion by awarding attorneys' fees and costs under 28 U.S.C. § 1447(c)).

PHS had no objectively reasonable basis for removing this action. *See Martin*, 126 S. Ct. at 711. The magistrate found and the district court agreed that Devine's complaint asserted no federal question on its face and PHS failed to provide a reasonable argument in support of diversity jurisdiction. Accordingly, the district court concluded that PHS failed to demonstrate any objectively reasonable basis for federal jurisdiction in its removal petition or arguments in support thereof. Based upon our review of this record and the briefs on appeal, we find no abuse of discretion in this conclusion. Accordingly, the judgment of the

5

district court awarding fees is

     AFFIRMED.