Ruth **MARSAR**, individually, and as **Personal Representative of the Estate of Joseph Richard Marsar, Jr.**, Plaintiff,

v.

**SMITH AND NEPHEW, INC.,**
a Tennessee corporation,
et al., Defendants.

Case No. 8:13–cv–01244–T–27TGW.

United States District Court,
M.D. Florida,
Tampa Division.

May 30, 2013.

---

Bonita Herrmann Navin, Kelley Uustal, PLC, Ft. Lauderdale, FL, Plaintiff.

Claire Ann Resop, Steinhilber, Swanson & Resop, Madison, WI, Daniel Alberto Garcia, Hinshaw & Culbertson, LLP, Ft. Lauderdale, FL, Francisco Ramos, Jr., Spencer H. Silverglate, Clarke Silverglate, PA, Miami, FL, Carlos A. Kelly, Traci McKee, Henderson, Franklin, Starnes & Holt, PA, Ft. Myers, FL, for Defendants.

## *ORDER*

JAMES D. WHITTEMORE, District Judge.

**BEFORE THE COURT** is Plaintiff's Motion for Remand (Dkt. 18) and Defendants' Motion to Supplement Their Notice of Removal, filed by Donna Petroff and Eric Haertle (Dkt. 19). Upon consideration, Defendants' Motion to Supplement Their Notice of Removal (Dkt. 19) is **GRANTED.** Plaintiff's Motion for Remand (Dkt. 18) is **DENIED.**

Plaintiff's only challenge to diversity jurisdiction is that Defendants have not met their burden of proving the requisite jurisdictional amount in controversy, pointing out that she has only made a claim for unspecified damages (*i.e.*, damages in excess of $15,000). Where, as here, a plaintiff makes an unspecified demand for damages, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir.2010). And where, as here, it is facially apparent from the complaint itself that the amount in controversy exceeds the jurisdictional minimum, removal is proper. *Id.*

A review of the original and amended wrongful death complaints filed in state court, including reasonable deductions and inferences made therefrom, re-

veals that Plaintiff seeks to recover damages exceeding the $75,000 jurisdictional threshold. *See also Roe,* 613 F.3d at 1062 (noting that a district court may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal).[1] In connection with her claims for negligence, strict liability, and breach of implied warranty, Plaintiff seeks compensatory damages "in an amount to compensate Plaintiff for the injuries and subsequent death" of her spouse (*e.g.,* damages for medical, hospital and concomitant expenses) and punitive damages "sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such atrocities[.]" Complaint (Dkt. 2), p. 61; Amended Complaint (Dkt. 3), p. 56.

■ Moreover, Defendant has submitted a Proof of Claim filed on behalf of Plaintiff with the Bankruptcy Estate of Defendant Triad Group, Inc., and signed by the same attorney representing Plaintiff in this case, in which Plaintiff's claim is valued at $10,000,000. *See* Proof of Claim (Dkt. 19), pp. 5–6.[2] The Proof of Claim provides further evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold. *Cf. Fowler v. Safeco Ins. Co. of America,* 915 F.2d 616, 617 (11th Cir.1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support the removal.")

---

1. A Court may make " 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleading to determine whether it is facially apparent that a case is removable." *Id.* at 1061–62 (quoting *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir.2010)).

2. A defendant may supplement its notice of removal with post-removal evidence of jurisdiction. *See Pretka,* 608 F.3d at 773–74.