Herbert BLOOM, Petitioner,

v.

Honorable Maryanne Trump BARRY, United States District Judge for the District of New Jersey, and American Honda Motor Co., Inc., Respondent.

No. 84–3471.

United States Court of Appeals, Third Circuit.

Argued Feb. 7, 1985.

Decided Feb. 28, 1985.

Steven D. Rubin (Argued), Boca Raton, Fla., for petitioner.

Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski; John I. Lisowski (Argued), Livingston, N.J., for respondent, Denise Fontana Ricci, on brief.

Before SEITZ, GIBBONS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Herbert Bloom, in October 1983, commenced in a Florida state court a suit charging American Honda Motor Co., Inc. (Honda) with breach of warranty. The claim also sought relief pursuant to the Magnuson-Moss Warranty Act. Under that statute there is no United States District Court federal question jurisdiction unless the amount in controversy exceeds $50,000. 15 U.S.C. § 2310(d)(3)(B) (1982).

On December 5, 1983, Honda filed a verified petition pursuant to 28 U.S.C. § 1441(a) (1982) and 28 U.S.C. § 1332 (1982) alleging that there was diversity of citizenship between the parties and that the amount in controversy exceeded $10,000,

thereby removing the case to the United States District Court for the Southern District of Florida. Simultaneously Honda moved the federal court to transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) (1982). Bloom opposed the transfer motion with an affidavit and a memorandum of law, both dated December 19, 1983. However, prior to that date, by an order dated December 15, 1983 and filed December 16, 1983, the District Court for the Southern District of Florida transferred the case to the District of New Jersey. After the transfer, Honda moved to dismiss the complaint on the ground that the federal court lacked subject matter jurisdiction. Honda pointed out that the federal court lacked jurisdiction over the Magnuson-Moss Warranty Act claim because it was for less than $50,000, and that the state law warranty claim to a legal certainty could not result in a judgment in excess of $10,000. The district court did not dismiss the action. Instead, on June 26, 1984, it ordered "that the motion [to dismiss] is denied, and the case is remanded to the Superior Court of New Jersey, Middlesex County." Bloom now petitions this court, pursuant to 28 U.S.C. § 1651 (1982), for a writ of mandamus directing the district court to vacate the June 26, 1984 order. We hold that the district court lacked authority to enter that order.

## I.

### Reviewability

If the trial court had granted the motion to dismiss the action pursuant to Fed.R. Civ.P. 12(b)(1) for lack of subject matter jurisdiction because it determined to a legal certainty that the plaintiff could not satisfy a statutory jurisdictional amount requirement, that order would be reviewable as a final judgment. 28 U.S.C. § 1291 (1982). Instead, the court denied that motion, but "remanded to the Superior Court of New Jersey, Middlesex County." Since the order is denominated as a "remand," we must consider the effect of 28 U.S.C. § 1447(d) (1982), which in relevant part pro-

vides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." The quoted prohibition on review does not apply to the order by which Bloom is aggrieved, however, because that order does not remand the case "to the State court from which it was removed." The case was never lodged in the Superior Court of New Jersey.[1] Thus the prohibition on review is by its terms inapplicable.

There remains the question whether the order in question is one which may be reviewed in a prerogative writ proceeding under 28 U.S.C. § 1651 (1982). We hold that it is. *Thermtron Products, Inc. v. Hermansdorfer, U.S. District Judge,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), holds that mandamus is available to review a remand order made in excess of a district court's statutory authority. In *Hermansdorfer* the remand was to the court from which the case had been removed, but for reasons not specified in the removal statute. The instant case is an *a fortiori* case, for the "remand" is not a remand at all, but a transfer to a court which is a stranger to the case. The order we review, moreover, is closely akin to an order transferring to a venue to which it cannot legally be transferred. Such an order is reviewable by mandamus. *Hoffman, U.S. District Judge v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). *See also Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162 (3d Cir.1982) (mandamus to prevent retransfer).

Since review pursuant to 28 U.S.C. § 1651 is proper, we need not consider whether, because the case has been effectively confined to limbo, pending neither in a federal nor a state court, review would also be available under 28 U.S.C. § 1291 as a final order.

## II.

### The Merits

On the merits, it is clear that the trial court lacked authority to "remand" to

---

1. We are advised that the Superior Court of New Jersey has declined to receive the file.

a New Jersey court. Following the change of venue the District of New Jersey had the same authority with respect to disposition of the case as had the District Court for the Southern District of Florida. It was even obliged to apply the same law as that court must have applied. *Van Dusen, United States District Judge v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The power of the Florida District Court with respect to claimed jurisdictional defects is specified in 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." "Remand" means "send back." It does not mean "send elsewhere." The only remand contemplated by the removal statute is a remand "to the State court from which it was removed." 28 U.S.C. § 1447(d).

Honda urges, and the trial court perhaps believed, that a remand to the Florida state court from which the case was removed would somehow violate the law of the case rule with respect to venue retransfers announced in *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162 (3d Cir.1982). There is no law of the case problem here, however, for the District Court for the Southern District of Florida made no ruling on subject matter jurisdiction. That issue remained open for consideration at any time. Fed.R.Civ.P. 12(h)(3). The authority of the District Court for the District of New Jersey to consider a remand order pursuant to 28 U.S.C. § 1447(c) was in no way affected by the section 1404(a) change of venue.

The district court in the District of New Jersey had statutory authority under 28 U.S.C. § 1447(c) to determine that the case was "removed improvidently and without jurisdiction." Moreover the court properly applied the "legal certainty" test with respect to jurisdictional amount announced in *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In applying that test, however, the court looked to New Jersey law to determine both what Bloom might recover for breach of warranty and whether he could recover the punitive damages which he seeks. No reference was made to the law of Florida. Reliance on New Jersey law was improper, for a section 1404(a) transfer does not result in a change in the governing law. *Van Dusen, United States District Judge v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). In a removed diversity case the federal court for the Southern District of Florida was obliged, with respect to state law claims, to look to the law of Florida, including Florida's choice of law rules. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The parties have not in the briefs filed here addressed the question whether, under Florida state law, it appears to a legal certainty that Bloom could not recover more than $10,000.

Because the order remanding to a New Jersey court was entered without legal authority it must be vacated. The district court may thereafter reconsider whether, under Florida law, it appears to a legal certainty that Bloom may recover no more than $10,000. If so, an order remanding the instant case to the Florida state court should be entered pursuant to 28 U.S.C. § 1447(c).

The odyssey to which Mr. Bloom and his counsel have been subjected as a result of the inconsistent positions taken by Honda with respect to jurisdictional amount suggests that consideration by the district court of an award of excess costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927 (1982) may be appropriate.

The petition for mandamus will be granted. We have no doubt that the district court will vacate the June 26, 1984 order. Thus no formal order need at this time be directed to the court. *See Rapp v. Van Dusen*, 350 F.2d 806, 814 (3d Cir.1965).