298 F.3d 263
 *ALLIED SIGNAL RECOVERY TRUST, Appellant/Petitioner,
v.
ALLIED SIGNAL INC., Honeywell International Inc., f/k/a Allied Signal Inc., Appellant. *(Amended — See Court's Order dated 5/16/01)
 No. 01-1111.
 No. 01-1355.
 No. 01-1139.
 United States Court of Appeals, Third Circuit.
 Argued December 7, 2001.
 Filed July 31, 2002.
 
 COPYRIGHT MATERIAL OMITTED Thomas D. Yannucci, Eugene F. Assaf, Christopher Landau (argued), Craig S. Primis, Jennifer R. Brosnahan, Kirkland & Ellis, Washington, D.C., Kevin Gross, Rosenthal, Monhait, Gross & Goddess, P.A., Wilmington, DE, for Appellant/Cross Appellee/Respondent.
 Donald B. Ayer (argued), Geoffrey S. Stewart, Gregory M. Shumaker, Edward K.M. Bilich, Paul R. Reichert, Jones, Day, Reavis & Pogue, Washington, D.C., Ian Connor Bifferato, Bifferato, Bifferato & Gentilotti, Wilmington, DE, for Appellee/Cross Appellant/Petitioner.
 BEFORE: MANSMANN,* ROTH and FUENTES, Circuit Judges.
 OPINION OF THE COURT
 ROTH, Circuit Judge.
 
 
 1
 We have before us a procedural muddle. The District Court has ordered a case remanded to state court in Delaware even though the case was removed from a state court in Florida. The parties agree that a case cannot be remanded to a state court that is a stranger to the case. They disagree, however, about the extent of our appellate jurisdiction and the remedy we should order. We conclude that we do not have jurisdiction to hear this appeal. Nevertheless, a remedy exists because plaintiff, Breed Technologies, Inc., has filed a petition for a writ of mandamus. We will grant the writ, vacate the remand order, and send the case back to the District Court.
 
 I. Factual and Procedural History
 
 2
 The procedural complexities this appeal presents resulted from Breed Technology Inc.'s 1997 decision to purchase Allied Signal Inc.'s Safety Restraint Systems Division (SRS). Breed paid $710 million for SRS but, for reasons not relevant to this appeal, came to believe that Allied Signal had made misrepresentations and had withheld material information in connection with the sale. On August 2, 1999, Breed brought this suit against Allied Signal[1] on two state law causes of action — fraud and negligent misrepresentation — in the Circuit Court for Polk County, Florida.
 
 
 3
 At the time it commenced the lawsuit, Breed was in serious financial trouble. Less than two months later, Breed filed for Chapter 11 bankruptcy protection in United States District Court for the District of Delaware.[2] Breed also expanded its suit against Allied Signal by amending its Florida complaint to add two federal bankruptcy claims: one under 11 U.S.C. § 544(b) for avoidance of the SRS transaction as fraudulent and one under 11 U.S.C. § 550 for recovery of the proceeds from that transaction.
 
 
 4
 When Breed added its federal bankruptcy claims to the Florida action, Allied Signal removed the action to the United States District Court for the Middle District of Florida. Allied Signal asserted two grounds for removal. The first was the general removal statute, 28 U.S.C. § 1441. Allied Signal contended that Breed's federal bankruptcy claims arose under the laws of the United States and that Breed's state law claims were subject to supplemental jurisdiction under 28 U.S.C. § 1367. Allied Signal also moved for removal pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452(a). It pointed out that Breed's claims either arose out of Title 11 of the United States Code or formed part of the same case or controversy as its Chapter 11 proceeding.
 
 
 5
 Once the case had been removed, Allied Signal filed a motion to compel arbitration and Breed filed a motion to remand the case to Florida state court. The District Court itself then issued an order to show cause why the case should not be transferred to the United States District Court for the District of Delaware, where Breed's bankruptcy case was proceeding. Breed opposed the transfer, and Allied Signal favored it. The District Court deemed Allied Signal's favorable response to its show cause order to be a motion to transfer and granted it. Breed did not seek review of this transfer order, either by a motion for reconsideration or by a petition for a writ of mandamus to the Eleventh Circuit.
 
 
 6
 Once in Delaware, Breed made another motion to remand the case to the Florida state court. The Delaware District Court found that it had jurisdiction of the case under 28 U.S.C. § 1334 as a bankruptcy matter but that it did not have § 1331 federal question jurisdiction. The court then determined that Breed's claims, including the §§ 544(b) and 550 claims, arose under Florida law and that the bankruptcy abstention provisions of 28 U.S.C. § 1334(c) required the court to abstain from hearing the matter. As a result, it remanded the case to the Delaware Superior Court, setting forth two reasons for doing so: (1) law of the case principles prevented it from returning the case to the District Court for the Middle District of Florida, and (2) only the Florida federal court had the necessary authority to remand to the Florida state court.
 
 
 7
 Both parties dispute this order. Allied Signal appealed it on January 8, 2001, asking us to reverse the District Court's remand order and to order the District Court to exercise its jurisdiction. Breed then filed a petition for mandamus with us. Breed sought a writ, vacating the order remanding the case to the Delaware Superior Court, and directing the District Court to remand the case to the Circuit Court for Polk County, Florida. Breed filed a cross-appeal on February 5, 2001.[3]
 
 II. Standard of Review
 
 8
 Our review of the jurisdictional questions is plenary. See 718 Arch St. Assocs. Ltd. v. Blatstein (In re Blatstein), 192 F.3d 88, 94 (3d Cir.1999); Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999, 1002 (3d Cir.1992). Whether a writ of mandamus should be issued is committed to our discretion. In re Sharon Steel Corp., 918 F.2d 434, 436 (3d Cir.1990).
 
 III. Jurisdiction
 
 9
 The first issue we must address is our own jurisdiction to hear this case. There is no dispute that the District Court had bankruptcy jurisdiction over Breed's Title 11 claims pursuant to 28 U.S.C. § 1334(b). It also had jurisdiction under § 1334(b) to hear the state law claims because they were related to a Title 11 claim.[4]
 
 
 10
 The parties do, however, dispute the nature and extent of our appellate jurisdiction. Allied Signal claims that we can address this case on direct appeal, while Breed contends that we must exercise our mandamus powers. Thus, we must first decide the issue of appellate jurisdiction.
 
 
 11
 Although in Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714-15, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), the Supreme Court held that a remand order is an appealable final order pursuant to 28 U.S.C. § 1291, Breed contends that we lack appellate jurisdiction of the District Court's remand order because of the bar to appellate review found in both the bankruptcy remand statute, 28 U.S.C. § 1452(b), and the general remand statute, 28 U.S.C. § 1447.[5]
 
 
 12
 The Supreme Court has stated that both § 1452(b) and § 1447(d) are applicable in bankruptcy related cases. In Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995), after holding that appellate review of an untimely removal was barred by § 1447(d), the Court went on to comment:
 
 
 13
 There is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy. Nor is there any reason to infer from § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage. The fact that § 1452 contains its own provision governing certain types of remands in bankruptcy ... does not change our conclusion. There is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context. We must, therefore, give effect to both.
 
 
 14
 Id. at 129, 116 S.Ct. 494.
 
 
 15
 Our task then is to determine whether § 1447(d) or § 1452(b) is applicable to the remand in the present case. The District Court, in ordering remand to the Delaware state court, did not mention which remand statute it was applying.
 
 
 16
 Section 1452(b) provides in pertinent part that:
 
 
 17
 The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section ... 1291 ... of this title....
 
 
 18
 (emphasis added).
 
 
 19
 Section 1452(b)'s ban on appellate review is broad in order to avoid prolonging litigation and increasing its costs in bankruptcy proceedings. See, In re Cathedral of the Incarnation in the Diocese of Long Island, 90 F.3d 28, 33 (2d Cir.1996) (holding, "Section 1452(b) reflects Congress's judgment that the rare instance of an unlawful remand order does not justify the time and dollar costs of making remands appealable."); Hernandez v. Brakegate Ltd., 942 F.2d 1223, 1226 (7th Cir.1991).
 
 
 20
 In addition, the "any equitable ground" language of § 1452(b) has been interpreted by the Supreme Court as not referring to the traditional distinction between law and equity, and thereby as not rendering reviewable bankruptcy cases that are remanded for "legal" reasons.[6] Things Remembered, 516 U.S. at 132-33, 116 S.Ct. 494 (Ginsburg, J., concurring). Rather, "equitable" is defined as "signal[ling] that which is reasonable, fair, or appropriate." Id. at 133, 116 S.Ct. 494. Moreover, as Justice Ginsburg explains in her concurrence in Things Remembered, a "restrictive definition of what is `equitable' could invite wasteful controversy over the reviewability of bankruptcy case remand orders that are not reached by § 1447 and rest on grounds a common-law pleader might type `legal'." Id. at 135, 116 S.Ct. 494.
 
 
 21
 Turning to § 1447(d), it provides, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." This broad language has been interpreted to bar appellate review of remand orders only insofar as removal was authorized by § 1447(c). In Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court held that § 1447(d) does not bar "review where a case has been properly removed and the remand order is issued on grounds not authorized by § 1447(c)." 423 U.S. at 343, 96 S.Ct. 584. The Thermtron Court defined the grounds for remand which were authorized by § 1447(c) as being that removal was improvident or without jurisdiction. Id. The Court in Quackenbush further defined the categories of remand orders that are unappealable under § 1447(d) as those based on lack of subject matter jurisdiction or defects in the removal procedure. 517 U.S. at 712, 116 S.Ct. 1712.
 
 In Thermtron, the Court concluded that
 
 22
 There is no doubt that in order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues, ... Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court.
 
 
 23
 423 U.S. at 351, 96 S.Ct. 584.
 
 
 24
 With these explanations of the two remand statutes in mind, we will turn to the Delaware District Court's remand of this case to the Delaware Superior Court. The reason stated by the Delaware District Court to support its decision was that the complaint raised only state law claims for fraud and negligent misrepresentation and related bankruptcy law claims, which were aimed at avoiding the fraudulent transfers. Thus, the District Court found that it had no § 1331 jurisdiction but only § 1334 bankruptcy jurisdiction. Citing § 1334(c), without designating a subsection, the court then determined that it "must abstain from hearing this matter." In making this ruling, the District Court cited language from § 1334(c)(2), the mandatory remand subsection. The court, however, then noted that Breed's §§ 544(b) and 550 claims "by definition" did arise under Title 11. Because the "arising under title 11" nature of Breed's claim would render § 1334(c)(2) inapplicable, we have to presume that the District Court based its abstention decision on the permissive abstention language of § 1334(c)(1).[7]
 
 
 25
 Section 1334(c)(1) abstention is made "in the interest of justice, or in the interest of comity with State courts or respect for State law." We conclude for this reason that a remand based on such abstention falls under the "any equitable ground" provision of § 1452(b), i.e., here, a concern that state courts decide state law issues. Thus, appellate review would appear to be barred by § 1452(b) if remand is based on § 1334(c)(1). Indeed, § 1334(d) (with one unrelated exception) bars review of abstention orders based on § 1334(c) — thereby getting us the same result by a different route.
 
 
 26
 Moreover, such a remand, based on state law concerns, is not made for lack of subject matter jurisdiction or defect in the removal procedure, the criteria for remand under § 1447(c) and for the non-reviewability provisions of § 1447(d). As a consequence, we determine that the remand order here falls under § 1452(b), not under § 1447(d), and that it is not reviewable.
 
 
 27
 This conclusion is consistent with the purpose, which we mention above, that Congress had in enacting the bankruptcy remand provisions. As Justice Ginsburg noted in her concurrence in Things Remembered, Congress "meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases." 516 U.S. at 132, 116 S.Ct. 494. The Congressional drafters wanted bankruptcy forum remands to be "unreviewable" Id. (quoting H.R.Rep. No. 95-595, p. 51 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6013). By applying the § 1452(b) bar to appellate review here, we are complying with that statement of Congressional purpose.
 
 
 28
 Before concluding our consideration of appellate jurisdiction, however, we must discuss the case of Bloom v. Barry, 755 F.2d 356 (3d Cir.1985), which Allied Signal asserts supports appealability under § 1447(d) and which, on the other hand, Breed contends is authority for granting its petition for writ of mandamus. In Bloom, an action, which was brought in Florida state court, was removed to U.S. District Court in Florida and then transferred to the U.S. District Court in New Jersey. The District Court in New Jersey then remanded the case to New Jersey state court. On appeal, we held that § 1447(d) did not bar review of a "remand" when that "remand" was to a state court other than the one from which the case had been removed because in that situation § 1447(d) was "by its terms inapplicable." Id. at 357. In explaining the inapplicability of § 1447(d), we stated, "`Remand' means `send back.' It does not mean `send elsewhere'." Id. at 358. We then cited Thermtron for the proposition that "mandamus is available to review a remand order made in excess of a district court's statutory authority." Id. We went on to hold, in view of the fact that the order involved was "closely akin to an order transferring to a venue to which [the case] cannot legally be transferred," that the order was reviewable by mandamus. Id.
 
 
 29
 Allied Signal cites Bloom as supporting its position that review of such a "remand" is now available under § 1447(d) since the Supreme Court in Quackenbush held that remand orders are final orders. Breed, on the other hand, cites Bloom as authorizing mandamus when an order is entered without legal authority and must be vacated. Contrary to Allied Signal's position, we conclude that under our precedent in Bloom, we are dealing with a court order that does not qualify as a "remand" because it sends the case elsewhere, not back. As we explain below, however, the sending of a case to a stranger court is clearly an unauthorized exercise of judicial power. We will, therefore, adopt Breed's interpretation of Bloom and the choice of mandamus as the appropriate remedy.
 
 IV. Mandamus
 
 30
 What remedy exists then if a court remands a case to limbo? As we determined in Bloom, such a remand would be beyond the legal authority of a federal district court. Under 28 U.S.C. § 1651, however, we may issue a writ of mandamus when a district court has committed "a clear abuse of discretion" or engaged in "conduct amounting to usurpation of the judicial power." Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). The use of the writ is discouraged. Nevertheless, when there has been an unauthorized exercise of judicial power and no other avenue of relief is open, the writ may issue. See Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir.1988).
 
 
 31
 Here, we have determined that we have no jurisdiction to hear an appeal. Nevertheless, following Bloom, it is clear that the Delaware District Court was not authorized to send this case to the Delaware Superior Court. As we stated in Bloom:
 
 
 32
 Remand means "send back." It does not mean "send elsewhere." The only remand contemplated by the removal statute is a remand `to the State court from which it was removed.'
 
 
 33
 755 F.2d at 358. In Bloom, we were referring to § 1447(d). There is no reason to suppose, however, that "remand" in § 1452(b) means anything other than "remand" does in § 1447(d). Under both statutes, a court has authority to send a case back to the state court where it originated. A district court does not have authority to "remand" a case to a stranger court. Such an order would be entered without legal authority. Id.
 
 
 34
 We concluded in Bloom that a remand order, made in excess of a district court's statutory authority, was reviewable by mandamus. Id. at 357. We reach the same conclusion here. As with a remand order under § 1447(d), if a remand order under § 1452(b) sends a case to a stranger court, the remedy is a writ of mandamus in order to vacate the unauthorized order.
 
 
 35
 We will, therefore, grant Breed's petition for a writ of mandamus, and we will vacate the order of the District Court which remands this case to the Delaware Superior Court.
 
 
 36
 This result will leave the District Court faced with the problem, it described in attempting to remand, that it could not itself send the case to the Florida state court because it was not the transferor court. We would suggest, however, that a transferee court is deemed to inherit all the authority of a transferor court. As the Tenth Circuit has stated: "The transferee court's powers are coextensive with those of the transferor court; it may issue any order or render any judgment that could have been made in the transferor court had the transfer never taken place." Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir.1991). We have echoed the same sentiment. In Bloom, we stated that, "following the change of venue [the transferee court] the District of Jersey had the same authority with respect to disposition of the case as had [the tranferor court,] the District Court for the Southern District of Florida." 755 F.2d at 358. Accord, Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 34 (3d Cir.1985) (instructing district court in Western District of Pennsylvania to remand case to Superior Court of Los Angeles County, California).
 
 
 37
 If, therefore, the District Court should desire itself to remand this case under § 1334(c)(1) to the Florida state court, such an order would appear to be within its authority. See In re Federal-Mogul Global, Inc., Nos. 02-1426, 2002 WL 1763923 et al. (3d Cir. July 31, 2002). Cf. Republic of Venezuela v. Philip Morris, Inc., 287 F.3d 192 (D.C.Cir.2002) (holding that court of appeals would not issue a writ of mandamus to prevent § 1447(d) remands in the future from D.C. District Court to Florida state court, where cases originated, despite claims of plaintiff foreign governments that federal subject matter jurisdiction existed due to foreign sovereigns' interests.)
 
 IV. Conclusion
 
 38
 For the above reasons we will grant the petition for writ of mandamus, we will vacate the order of the district court order purporting to remand this case to Delaware Superior Court for New Castle County, and we will remand the case to the District Court for further proceedings.
 
 
 
 Notes:
 
 
 *
 The Honorable Carol Los Mansmann participated in the oral argument, but died before the Opinion could be filed
 
 
 [1]
 Allied Signal Inc. has since merged with Honeywell, Inc. to form Honeywell International, Inc. For clarity and convenience, however, this opinion will continue to refer to the Defendant as Allied Signal
 
 
 [2]
 Breed's claims and lawsuit against Allied Signal Inc. were transferred to a Delaware trust, the Allied Signal Recovery Trust, pursuant to Breed's Third Amended Joint Plan of Reorganization. That plan was confirmed by an order of the United States Bankruptcy Court for the District of Delaware dated November 22, 2000, and became effective on December 26, 2000. After payment of fees and expenses, any recovery from Allied Signal by the Trust will be distributed to Breed's creditors. For clarity and convenience, however, this opinion will continue to refer to the plaintiff as Breed
 
 
 [3]
 Pending these appeals, the Clerk of the U.S. District Court in Delaware has not transferred the case to the Delaware Superior Court
 
 
 [4]
 Because the parties agree that the District Court had jurisdiction under § 1334, we will not go on to determine whether it also had jurisdiction under § 1331. Moreover, because there was § 1334 jurisdiction, remand is appropriately considered under §§ 1452(b) and 1447(d), as we do below. Because this is a bankruptcy case, the additional presence of concurrent § 1331 jurisdiction could not preclude our consideration of remand as it presents itself in a bankruptcy case. The need to avoid the time and expense of reviewing remands in bankruptcy cases is substantialSee Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 136, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (acknowledging a strong Congressional policy against review of remand orders in bankruptcy cases) (Ginsburg, J., concurring).
 
 
 [5]
 The remand inQuackenbush was based on abstention and thus an appeal was not statutorily barred.
 
 
 [6]
 The Supreme Court's comments on the meaning of "equitable" inThings Remembered would appear to invalidate our law/equity distinction of the reviewability provisions of § 1452(b) in Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir.1984).
 
 
 [7]
 Section 1334(c) provides:
 (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
 (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.