# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 7, 2008

Charles R. Fulbruge III
Clerk

No. 06-40570

MARCIA TALIAFERRO

Plaintiff - Cross-Defendant -
Appellee - Cross-Appellant

v.

GOODYEAR TIRE & RUBBER COMPANY

Defendant - Cross-Claimant -
Appellant - Cross-Appellee

ROBERT TALIAFERRO

Defendant - Cross-Appellee -
Appellant

SINKIN & BARRETTO LAW FIRM

Defendant - Cross-Appellee

v.

MABEL PARSONS

Defendant - Cross-Defendant -
Appellee

Appeal from the United States District Court
for the Eastern District of Texas, Tyler
USDC No. 6:05-CV-195

Before JONES, Chief Judge and GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:[*]

Robert Taliaferro was married and divorced twice. Both of his ex-wives seek to obtain his pension benefits from his former employer, Goodyear Tire & Rubber Company ("Goodyear"). Goodyear argues that the pension plan is subject to the Employee Retirement Income Security Act ("ERISA"), and is withholding payment. Goodyear believes it has not yet received a court order sufficient under ERISA to permit it to distribute Mr. Taliaferro's benefits to either Mabel Parsons, his first ex-wife, or Marcia Taliaferro, his second ex-wife. When Ms. Taliaferro sued Goodyear for payment in state court, Goodyear removed the action to federal court. There Goodyear filed an interpleader action, seeking to resolve its obligations under ERISA as to Ms. Parsons's and Ms. Taliaferro's competing claims.

The district court disposed of the action without addressing Goodyear's obligations under ERISA. In its Order on Partial Summary Judgment, the district court: (a) granted partial summary judgment to Mabel Parsons, (b) directed Goodyear to pay Mr. Taliaferro's pension benefits to the benefit of Ms. Parsons, and (c) remanded all supplemental state law claims to the state court it viewed as having proper jurisdiction. For the reasons below, we vacate the judgment of the district court and remand with instructions.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

The procedural history of this action is extensive, but the following facts will suffice at this stage. Mr. Taliaferro and Ms. Parsons were divorced in or around 1968. In 2001 Ms. Parsons brought an action in the District Court for Smith County, Texas to collect child support arrearages. In May of 2002, Ms. Parsons's attorney supplied Goodyear with a Notice of Child Support Lien filed in the Smith County court. Ms. Parsons claimed an interest in Mr. Taliaferro's pension benefits and demanded that his account be frozen. Goodyear promptly advised Ms. Parsons's attorney that ERISA did not allow payment of child support obligations from a pension benefit check without a Qualifying Domestic Relations Order ("QDRO"), as defined by ERISA. Goodyear supplied Ms. Parsons's counsel with guidelines describing the elements of a QDRO.

In May 2002 and December 2003, Goodyear received additional orders from the Smith County court directing it to withhold Mr. Taliaferro's pension benefits to pay his child support obligations. Each time, Goodyear responded that the documents were not sufficient to effect a transfer of benefits under ERISA, and advised that a QDRO would be necessary. On more than one occasion — once at its own initiative — Goodyear offered Ms. Parsons's counsel guidance on the requirements for a proper QDRO. This assistance seems to have been ignored.

Meanwhile, Mr. Taliaferro and his second wife, Marcia Taliaferro, were obtaining a divorce before a different state court, the District Court for Rusk County, Texas. The Rusk County court issued a Final Divorce Decree and a "Qualified Domestic Relations Order" in July 2004. The Rusk County QDRO purported to award Ms. Taliaferro a 70% interest in Mr. Taliaferro's Goodyear pension benefits. Ms. Taliaferro's counsel provided a copy of the Rusk County QDRO to Goodyear on July 15, 2004.

Goodyear now faced competing claims from Ms. Parsons and Ms. Taliaferro to the same pension benefits. Ms. Parsons's attorney insisted that the child support lien took precedence, and threatened Goodyear with legal action if it made payment on Ms. Taliaferro's claim. In September 2004, Goodyear advised both parties that it would not make any further distributions until it received a QDRO from a Texas court specifying how the funds were to be distributed. Ms. Taliaferro's attorney responded that Goodyear had received only one QDRO, the one awarding an interest to Ms. Taliaferro, and was obligated to make payment accordingly. In October 2004, Goodyear again advised the parties that it could not prioritize the competing claims, and needed a QDRO addressing the rights of both Ms. Parsons and Ms. Taliaferro. Goodyear indicated that if the parties could not obtain resolution of the conflict it would file an interpleader action.

The parties were not able to resolve the conflict, and in April 2005 Ms. Taliaferro filed a Motion for Enforcement of QDRO in the Rusk County court, seeking payment from Goodyear. Goodyear removed the action to the U.S. District Court for the Eastern District of Texas and filed a cross-claim and counterclaim for interpleader, seeking a determination of its obligations under ERISA as between Ms. Parsons and Ms. Taliaferro. In August 2005, while the action was pending in federal court, the Smith County court issued an Order on Motion for Appointment of Receiver. That Order concluded that all the community property of Robert and Marcia Taliaferro as of the date of their divorce was subject to Ms. Parsons's child support lien. The Order appointed a Receiver, and directed Robert and Marcia Taliaferro to turn over to him property sufficient to satisfy child support obligations in excess of $292,000.

After the Smith County court issued its August 2005 Order, Ms. Parsons filed for summary judgment in the federal court action. The federal district court held, as a matter of Texas state law, that Mr. Taliaferro's pension benefits

were subject to Ms. Parsons's child support lien. The federal district court did not address Goodyear's obligations under ERISA, concluding that the Smith County court's August 2005 Order precluded Goodyear's interpleader claim under the doctrine of collateral estoppel. Finally, citing 28 U.S.C. § 1367(c), the district court declined to retain supplemental jurisdiction over the remaining state law claims. But instead of remanding those claims to the Rusk County court where they were initially filed, the district court purported to transfer them to the Smith County court.

This appeal by Goodyear and Mr. Taliaferro followed. We review the district court's grant of summary judgment de novo. Condrey v. SunTrust Bank of Ga., 429 F.3d 556, 562 (5th Cir. 2005). The district court's decision not to retain jurisdiction over remaining state law claims is reviewed for abuse of discretion. Preston v. Tenet Healthsystem Mem. Med. Ctr., 485 F.3d 804, 810 (5th Cir. 2007).

## DISCUSSION

It was error for the district court to decide this case on the basis of Texas law without addressing the parties' rights and obligations under ERISA. ERISA broadly preempts any and all state laws that "relate to" ERISA-covered pension plans. 29 U.S.C. § 1144(a); see also Manning v. Hayes, 212 F.3d 866, 870 (5th Cir. 2000). More specifically, ERISA provides that pension benefits "may not be assigned or alienated" except pursuant to a "qualified domestic relations order." 29 U.S.C. § 1056(d)(1), (3). It is not sufficient to argue, as Ms. Parsons has, that pension benefits are generally subject to domestic support obligations under Texas law. Under federal law, which takes precedence in this area, Ms. Parsons may not reach benefits in an ERISA-covered plan unless she complies with ERISA's requirements. An ERISA fiduciary may distribute pension benefits to a third-party claimant only when presented with a qualified domestic relations order. 29 U.S.C. § 1056(d)(3)(C), (D). If that requirement is not satisfied, an

ERISA fiduciary cannot be compelled to pay domestic support obligations out of pension benefits.

For that reason, Goodyear's request for a determination of its obligations under ERISA is not necessarily barred by collateral estoppel. It has not been adequately shown that Goodyear was a party to the Smith County district court action, nor that Goodyear was in privity with any party before that court. Moreover, ERISA's alienation requirements are separate and distinct from the state law questions addressed in the Smith County court's August 2005 Order. It is possible that issues of fact or state law resolved in the Smith County litigation may have some effect on the outcome of the present case. Nonetheless, Goodyear's ERISA questions were properly presented in the interpleader action below, and must be addressed there. 29 U.S.C. § 1132(a)(3); see also United States v. Taylor, 338 F.3d 947, 951 (8th Cir. 2003).

Assuming Goodyear's pension plan is indeed covered by ERISA, resolution of the interpleader claim will require a judicial determination of (a) whether Ms. Parsons has presented Goodyear with a QDRO; (b) whether Ms. Taliaferro has presented Goodyear with a QDRO, and (c) if both have done so, what is the priority of their competing claims. Though Goodyear raised these issues below, neither Ms. Parsons nor the district court addressed them. The cause will be remanded to the district court for a proper determination.

We further conclude that it was improper for the federal district court to "transfer" pending state law claims to the Smith County court, when they were originally filed in and removed from the Rusk County court. A district court in this situation has authority to remand a case "to the State court from which it was removed." 28 U.S.C. § 1447(d); see also Bloom v. Barry, 755 F.2d 356, 358 (3d Cir. 1985) ("'Remand' means 'send back." It does not mean 'send elsewhere.'"). If any state law claims are subject to remand after Goodyear's interpleader claim is resolved, they may be remanded to the Rusk County court.

Whether a transfer from that forum to Smith County might be appropriate is a question for the state courts to resolve.

The district court's February 9, 2006 Order on Partial Summary Judgment, including the transfer order, is VACATED. Ms. Parsons's request for attorneys' fees on appeal is DENIED. The case is REMANDED for further proceedings not inconsistent herewith.